Judge Lane
delivered the opinion of the court:
The statute of March 1, 1834 (vol. xxxi, 38) declares that all proceedings under the acts concerning marriages and divorces -shall be as in chanceryl Under this law it is claimed that all the incidents of a suit in chancery attach to these proceedings, and .among others the right of review.
It seems plain to us that such could not have been the intention. ,-of the legislature. Where a divorce is granted, upon which one -of the parties contracts new relations, and a third party acquires eights, it can not be that a process could be had to reverse a de *418 cree, the consequence of which would be a severance of all those-new relations. Such anomalous mischief can not be engrafted on-the practice of our courts, except by clear and explicit legislative enactment. That, we feel confident, can never take place.
But the different modes of proof between suits in chancery and petitions for divorce show that a bill of review is inapplicable. The former, where all the testimony is in writing, can be presented to the same or to a different tribunal in the same light, and with the same advantages of judgment, as at first. The latter depending more or less upon oral testimony given at ^the hearing, can not possibly preserve its original aspect upon a second hearing. All the reasons that render a decision upon-facts by a jury conclusive between the parties, unite in requiring' that the decision of a court, upon facts, on the hearing of a peti-tion for divorce, should be final, and stand beyond the reach of judicial revision. The demurrer is sustained.