Hitchcock,'J.
This is a case somewhat anomalous in its character. The complainant filed her bill against her husband and a third person, praying for a divorce, for alimony, and that the alimony might be charged upon the land of that third person, because her husband and herself had conveyed land to him without consideration, for the purpose of defrauding her of her alimony. The Court of Common Pleas decided that she was not entitled to a divorce, but was entitled to alimony, and charged the alimony upon the land conveyed.
The first question which presents itself for consideration, is, whether the case is one which could be brought into this Court by appeal. Had it been a mere petition for divorce, or for divorce and alimony, under the statute, no matter what the decision of the Court of Common Pleas might have been, there could have been- no appeal. , Although the proceeding in such cases is, in form, as in chancery, yet this Court have long since decided, that when the decree has been once made, there could be no review; Bascom v. Bascom, 7 Ohio Rep. 125, pt. II. And, surely, if there could be no review, there can be no appeal. But this is not merely a petition for divorce and alimony. The complainant not only seeks to be divorced from her husband and for alimony, but she makes William Laughery, a third person, party defendant, charging that he has in his possession lands conveyed to him for the express purpose of defrauding her of her alimony. This certainly looks a little like multifariousness. But, let this be as it may, the relief sought against William Laughery is one peculiarly within the equity jurisdiction of the Court, and he has the same right and privilege of defence that he would have had, had the complain *406 ant first established her right to alimony, and then filed her bill to avoid the fraudulent deed. Such being the case, by connecting the two subjects in one bill, he cannot be defrauded of any of his rights. He has the same right of appeal, as if there had been no other defendant than himself in the case.
The next question is as to how much of the case is removed from the Court of Common Pleas by the appeal. Does it bring up the question of divorce ? Is the decree for alimony vacated ? Formerly it was held that where there was more than one defendant, the appeal of one removed the case as to all. But, by the 6th section of the act of March 12, 1845, to amend the act directing the mode of proceeding in chancery, it is provided that, “ any party to a suit in chancery may appeal his £ separate part of the suit, in which case the Court, from which ‘ the appeal is taken, shall direct the amount and conditions of £ the bond in appeal.” The appeal, in the case under consideration, was taken and perfected by the defendant, William Laughery. It was of no consequence to him whether there was a divorce or decree for alimony. The only part of the case and the decree which affected him, or in which he had any interest, was that which decreed that the deed made to him was fraudulent, and that the alimony should be charged upon the land conveyed by that deed. By the appeal, this part of the case, and this alone, is brought before this Court. The decree for alimony remains good as to Charles Laughery; but whether it shall be a charge upon the land, or whether the conveyance to William Laughery was fraudulent, are proper subjects -for the consideration of this Court.
The case, then, in the aspect in which it presents itself to this Court, is one in which a married woman, in her own name, and in her own right, is prosecuting a suit in chancery to set aside a conveyance, executed by her husband and herself, to defraud herself, and to prevent her from enforcing a demand against her husband. Now, there ále cases in which a court of chancery will permit a married woman to prosecute a case in her own name, or by some friend, where her rights are ad *407 verse to those of her husband, and where such proceedings -are necessary for the ends of justice. Whether this is a case of that character, is perhaps doubtful.
But admitting that the case can be sustained, then a question arises whether in fact there was any fraud in the conveyance, as charged in the bill. It seems that Charles Laughery and his wife did not live pleasantly together, and she at length came to the determination that she would continue with him no longer. The land in controversy had been conveyed to Charles by procurement of William Laughery, his father, and was in the nature of an advancement. The complainant having determined to leave her husband, proposed that he should restore to her all the personal property which he received by her at the marriage, and also the use of ten acres of land which she claimed as her own. At length a division of property was agreed upon, and both parties were to be restored to their rights, as they existed at the time of the marriage. This was carried into effect — and as a part of the arrangement, the deed complained of was executed. In making this arrangement, she seems to have been more active than her husband, and all her propositions were complied with. There was no concealment — no false representations — nothing which has the appearance of fraud. William Laughery had given the land to his son for no other consideration than that of natural affection; and the son and his wife, being about to separate, conveyed it back to the father. In this state of the case, it seems to us that the complainant comes before the Court under such circumstances that she is not entitled to the relief she seeks as against the defendant, and the bill is therefore dismissed, but without costs.