### William Salley v. The People of the State of Illinois, ex. rel. Bertha Smith.

#### Gen. No. 4,486.

1. WRIT OF ERROR—*when, does not lie.* A writ of error does not lie to review a judgment which upon appeal therefrom has been affirmed, notwithstanding the affirmance was for some reason other than a determination of the merits.

Prosecution for bastardy. Error to the County Court of Winnebago County; the Hon. RUFUS C. BAILEY, Judge, presiding. Heard in this

court at the April term, 1905. Writ of error quashed. Opinion filed August 1, 1905.

WILLIAM L. PIERCE and W. C. KELLUM, for plaintiff in error.

HARRY B. NORTH, State's Attorney, and JOHN E. GOEMBEL, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

William Salley sued out a writ of error from this court to reverse a judgment recovered against him in the court below on the complaint of Bertha Smith. Defendant in error filed here a plea which, omitting the formal parts, alleged that at the October term, A. D. 1903, of this court, plaintiff in error prosecuted an appeal to this court from the same judgment here sought to be reviewed, and assigned on the record the same errors assigned in this case, and that said cause was continued to the April term, A. D. 1904, of this court, and at said last named term appellant's briefs and arguments were by order of the court stricken from the files, with leave to the appellant to file proper briefs by the then next October term of this court; that said cause coming on to be heard at said October term, A. D. 1904, and said appellant having failed to file briefs and arguments in compliance with said order, this court on November 22, 1904, entered judgment, that the judgment of the County Court of Winnebago County be affirmed under a rule of this court, and stand in full force and effect notwithstanding the said matters and things therein assigned for error, and that said appellee therein recover of appellant therein her costs by her in that behalf expended, and that she have execution therefor; which judgment of this court is in full force and not reversed. On April 18, 1905, we entered a rule on plaintiff to reply to said plea within ten days. Plaintiff in error did not reply, but in his reply brief he states that according to said plea, the case was not determined upon the merits, and therefore he still has a right to prosecute this writ of error and to have

the judgment of this court upon the errors assigned. This
in effect denies the sufficiency of the plea, and we treat it
as if plaintiff in error had submitted the case upon a formal
demurrer to the plea.

A writ of error is a writ of right, but not when the
matter has already been determined upon an appeal by the
same party. Plaintiff in error cites authorities upon the
proposition that a writ of error may be sued out and main-
tained after a previous appeal by the same party has been
dismissed. The correctness of that position we are not
called upon to determine, for this plea is not that the for-
mer appeal was dismissed, but that the judgment rendered
upon the former appeal was that the judgment of the
County Court of Winnebago County be affirmed and stand
in full force and effect, notwithstanding the said matters
and things therein assigned for error. The question, there-
fore, presented is, whether if upon an appeal the judgment
be affirmed for some other reason than a determination of
the merits, a writ of error may afterwards be prosecuted
by the same party. In W. St. L. & P. Ry. Co. v. Peter-
son, 115 Ill. 597, to a writ of error defendants in error
pleaded that plaintiff in error had previously prosecuted
an appeal from the identical judgment and assigned the
same errors and that such proceedings were had on said
appeal that a judgment was entered that neither in said
record nor proceedings nor in the rendition of said decision
of the court below was there any error, and that said judg-
ment be affirmed, notwithstanding the matters therein as-
signed for error, and that appellee recover of appellant
the costs, which judgment was in full force and not re-
versed. Plaintiff in error filed special replications averring
that the matters in controversy between the parties were
not heard and determined by said Appellate Court, on ac-
count of the omission of the clerk of the trial court to
transcribe into the record the bill of exceptions, and, there-
fore, the Appellate Court could not and did not on such
appeal determine the errors assigned. On demurrer to
these replications the court said: "Conceding it to be

true, as alleged in the plea, the identical errors assigned on the record in this suit were assigned on the same record on a former appeal, and the judgment was then affirmed in all things, notwithstanding the errors then assigned, it is obvious that decision is *res judicata*, and the same errors can not be re-examined in this suit." The court then went on to say that it could not be shown by oral testimony that the court did not determine the case on the merits, and thus contradict the judgment. In that respect that case differs from this, for here the plea itself shows the merits were not determined. We are, therefore, still left to determine whether such a judgment is a bar to a writ of error if the plea itself shows that it was not rendered upon the merits, but under some rule of court. In 1 Freeman on Judgments, sec. 249, speaking of a judgment on an appeal, that author says : " Nor can the effect of a judgment as *res judicata*, be affected by showing that though an appeal was attempted to be taken, the judgment was affirmed without considering the cause on its merits, because of the absence of a sufficient assignment of errors, or of some other defect in the appellate proceedings." In Schleüder v. Corey, 30 Minn. 501, there had been a former appeal by plaintiff from an order denying a new trial, and that order had been affirmed under a rule of court, for failure of appellant to serve on the opposite party copies of the case and of his points. Afterwards judgment was entered in the court below upon the verdict and plaintiff appealed from that judgment. No point was raised on the second appeal that was not presented by the record on the first appeal. The court held respondent had the right under the former appeal to a judgment on the merits, of which right no act or neglect of appellant could deprive him, and that the matters involved in the first appeal were *res judicata* on the second appeal. In Maxwell v. Schwartz, 55 Minn. 414, defendant appealed from an interlocutory order, which was affirmed for failure of appellant to serve printed copies of the written assignments of error and brief as required by rule of court. Afterwards the case proceeded to

judgment in the court below and one of the defendants again appealed. It was held that the matters involved in the former appeal were *res judicata* by that judgment of affirmance, and could not again be called in question on an appeal from the judgment. In Miller v. Bernecker, 46 Mo. 194, a motion to set aside a sale of real estate had been heard and overruled and an appeal taken to the Supreme Court, and in that court the order had been affirmed for want of an assignment of errors. It was held that that judgment was a bar to a further judicial investigation of that which could have been heard upon that appeal if it had been properly presented to the court, and that equity could not relieve from the effect of that judgment except upon a showing of fraud or the like. So in Baldwin v. Hanecy, 204 Ill. 281, it was held that a judgment upon the merits concluded the parties not only as to every matter which was offered and presented to sustain or defeat the action or demand, but also as to every other matter which might have been offered for that purpose. Again, it is a well settled rule that the Appellate Court cannot review its own decisions, and that parties who are dissatisfied with its judgments can obtain redress in that court only by a petition for a rehearing, and that in the absence of the granting of such a petition all final orders and judgments of that court are, as between the parties to the suit, *res judicata*, and binding on them whenever they again arise in that court between the same parties, upon the same state of record, and this applies with equal force to judgments on appeal and error. Henning v. Eldridge, 146 Ill. 305. Here the plea which we take to be confessed, alleges that this court, upon the same record of the same judgment, with the same assignment of errors, entered judgment that the judgment of the court below be affirmed and stand in full force and effect, notwithstanding the matters and things in said record assigned for error. If that judgment was improper or erroneous, plaintiff in error could have petitioned for a rehearing, and could have sought to obtain a modification or withdrawal of the judgment; or if the·

sum involved had been sufficient he could have taken an appeal to the Supreme Court; or if it was not sufficient he could have sought from this court a certificate of importance. Under the plea he did neither of these things, but permitted the judgment just recited to remain in full force and not reversed. The effect of this writ of error, if sustained, would be to cause us to review the same judgment, which upon the former appeal we affirmed and directed that it should stand in full force and effect, notwithstanding the said matters and things assigned for error. It seems to us clear that we have not the power to do this, and that plaintiff in error cannot compel defendant in error to defend the judgment of the court below twice in this court under these circumstances. We are of opinion that this plea presents a complete bar to the writ of error sued out in this case. The writ of error will, therefore, be quashed.

*Writ of error quashed.*