Thomas Stasel and Verona Stasel, Appellees, v. American Home Security Corporation, Appellant. Arthur Goodwillie et al., Appellees.

Gen. No. 37,347.

Opinion filed February 13, 1935.    Rehearing denied February 25, 1935.

CLAUDE J. DALENBERG, of Chicago, for appellant.

FRANK E. DINGLE, of Chicago, for certain appellees.

MR. JUSTICE HALL delivered the opinion of the court.
This is an appeal from a decree of the circuit court of Cook county in favor of complainants, Thomas and Verona Stasel.    The complainants filed a bill in the nature of a bill of review, seeking to remove a cloud upon real estate, and to quiet title thereto.    In this bill,

it is alleged *inter alia* that complainants are the owners of certain described real estate; that on or about July 19, 1927, the defendant, in the instant case filed a bill to foreclose a mortgage for $1,115.93 on such real estate, alleged to have been made and executed by Thomas and Verona Stasel; that after the return of the summons issued in the foreclosure proceeding, upon which service was not had, an alias summons was issued against Thomas and Verona Stasel, and that by the return on such alias summons, it is shown that service thereof was had upon Verona Stasel by delivering a copy thereof to her, and upon Thomas Stasel by delivering a copy thereof to Verona Stasel, his wife, on October 24, 1927. It is alleged in complainants' bill that the summons in the foreclosure proceeding was not served upon either of said parties, as shown by the return thereon; that they, the complainants in the instant case, received no notice of the foreclosure proceeding until about April 1, 1928, about four months after a decree had been entered in the foreclosure suit; that the alleged trust deed upon which the foreclosure proceeding was predicated was recorded in the office of the registrar of titles of Cook county about April 30, 1927, and that on July 22, 1927, an order was entered in that proceeding appointing the Pullman Trust & Savings Bank receiver of the premises; that on November 29, 1927, an order of default was entered in the foreclosure case against the defendants, but that neither Thomas or Verona Stasel, complainants herein, had any knowledge of the presentation of any motion for such default, nor any knowledge that they had been made parties defendant in that suit, until after a sale of the premises had been ordered, and that thereafter on January 5, 1928, the premises were sold by the master in chancery, and a deficiency decree for the sum of $206.14 was entered against Thomas and Verona Stasel. It is alleged therein that the signatures upon

the trust deed and note upon which the foreclosure proceeding was predicated were not signed by Thomas or Verona Stasel, but that their signatures on such documents were forged, and that neither of them received any consideration for such documents; that Verona Stasel is unlearned and uneducated and wholly unable to write her name in the English or any other language, and that neither of them ever saw the trust deed nor the note which the trust deed was alleged to have been given to secure, until shortly after the filing of this bill for review.

Defendant here, the complainant in the foreclosure proceeding, in its answer, denies that the summons in that suit was not served, as shown by the return of the sheriff, insists that service thereof was properly made, denies that the signatures to the note and mortgage are forgeries, and asserts that no fraud was practiced on the Stasels, and that they had full knowledge of the proceedings in that case. In the foreclosure suit, the Stasels were defaulted for want of an appearance and answer, and the other steps were taken by complainant as alleged in this bill for review. The cause here was referred to a master, and evidence was received by him on the issues made by the bill and answer. After a hearing, the master made a report to the court of the matters before him, and as to the evidence taken, and found that the Stasels were duly and legally served with summons in the foreclosure suit, that they were defaulted for want of an answer, as alleged, that the note and mortgage upon which the foreclosure proceeding was predicated were not signed, executed or acknowledged by the Stasels, that their alleged signatures thereto were forged, that no consideration of any kind or amount was paid to the Stasels therefor, that the note and trust deed are void, and that a valid decree in foreclosure cannot be based thereon. The master further found that the Stasels used due dili-

gence in bringing this bill for review, that the equities are with them in this cause, that they should be granted the relief prayed, and that a decree be entered in accordance with the master's findings. Upon exceptions filed by defendant, American Home Security Corporation, after a hearing, the court approved the master's report, and decreed that all the decrees and orders in the foreclosure proceeding, and the registry of the title with the registrar of titles of Cook county, constituting a cloud upon the title to the Stasels' land, be expunged, that the receiver appointed in the foreclosure proceeding be discharged, and the premises turned back to the Stasels. The court further ordered that any further steps in the foreclosure proceeding be enjoined.

The officer who served the summons in the foreclosure proceeding was produced as a witness before the master and testified that he served the summons in the foreclosure suit by delivering a copy to the wife of the defendant at their place of residence as service upon her, and also left a copy of such summons with her at the same time for her husband, as shown by the return on the summons. Thomas Stasel testified that he did not receive the summons from the sheriff, but that it was given to him later by another person. Verona Stasel testified that her husband gave her some papers, which she had laid away. We are of the opinion that the master and the court, upon the showing made, were correct in finding that the Stasels were properly and legally served with the summons.

In *Marnik v. Cusack,* 317 Ill. 362, a condition similar to that presented here was before the court, as to the question of the service of summons, and as to the right of a person duly and properly served, as shown by the officer making such service, to have a judgment upon such service reviewed in another proceeding. On the question of service and the return of the officer, the Supreme Court said:

"The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence. *Davis v. Dresback,* 81 Ill. 393; *Kochman v. O'Neill,* 202 Ill. 110."

The question left for us to determine is whether or not, in view of the fact that, after being served with summons, the Stasels failed to enter an appearance and present their undoubted legal defense in the foreclosure suit, they are precluded from asserting their alleged rights by this bill for review. There is no question but that the note and mortgage were forged, and the entire case of defendant is based upon the theory that the complainants failed to exercise due diligence in the foreclosure proceeding, in that they did not appear and make their defense when served with summons; that having failed in this regard, they cannot now have the relief prayed.

In *Karsten v. Winkelman,* 126 Ill. App. 418, by a bill for review, it was sought to void a decree entered in a former proceeding. There it was sought to set aside the decree upon the ground that a witness had testified falsely in the proceeding in which the decree was entered, and in determining the question as to whether the bill for review should prevail, this court said:

"Admitting that Wilhelmina Sauer testified falsely, it is not sufficient to sustain a bill of review. The Supreme Court of the United States in *U. S. v. Throckmorton,* 98 U. S. 61, says: 'We think these decisions establish the doctrine on which we decide the present case, namely, that the acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree between the same parties, rendered by a court of competent jurisdiction, have relation to

frauds, extrinsic or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered; that the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterward ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases.' "

In 21 Corpus Juris, page 778, it is said:

"It is generally held that an original bill to vacate a decree will not lie on the ground that the decree was obtained by perjured testimony, or forged or fraudulent instruments, . . . This rule is based on the ground that the credibility of the testimony on which the decree was based is intrinsic and has been already adjudicated, and also on the absurd extent to which litigation could be protracted in the absence of such a rule."

In *Marnik v. Cusack,* 317 Ill. 362, already cited, after disposing of the question of the service of summons and its effect, the Supreme Court said:

"It is unnecessary to discuss the existence of a defense. After the plaintiff in error was served it was his duty to present his defense in the action at law, and he cannot be relieved against his own neglect to do so."

In *Vannatta v. Lindley,* 198 Ill. 40, a bill in equity was filed seeking to have a promissory note and power of attorney to confess judgment thereon decreed null and void and delivered up to be canceled, and to enjoin the holder from entering judgment thereon, because such note and mortgage were forged. An answer was filed and issues were joined on the bill, answer and replication. The trial court held that the bill in equity was not well founded, because the complainants in that

bill, the alleged makers of the note, had a complete remedy at law, and the bill was dismissed for want of equity. On appeal to the Appellate Court, the decree of the trial court was affirmed, and on appeal to the Supreme Court, the Appellate Court was affirmed.

Having been duly served with summons in the foreclosure proceeding, and having failed to present the defense, which they undoubtedly had, we are of the opinion that the complainants herein cannot have the relief prayed by the bill in this cause. (*Boyden v. Reed*, 55 Ill. 458; *Griggs v. Gear*, 8 Ill. 2; *Weinberg v. Larson*, 275 Ill. App. 475.)

Therefore, the decree of the circuit court setting aside the decree in the foreclosure proceeding is reversed.

*Reversed.*

HEBEL, P. J., and WILSON, J., concur.