Julian J. Gray, Appellant, v. The First National Bank of Chicago et al., Appellees.

Gen. No. 39,526.

Opinion filed February 28, 1938.

LLOYD C. WHITMAN, of Chicago, for appellant.

WINSTON, STRAWN & SHAW, HAROLD V. AMBERG and PAUL W. TATGE, all of Chicago, for appellee First National Bank of Chicago; WALTER H. JACOBS and REUBEN A. BORSCH, both of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

On July 18, 1936, plaintiff Gray filed in the superior court a bill of review to set aside a decree of that court entered July 22, 1935, in an action to foreclose a trust deed. On motion of defendant, First National Bank, the bill of complaint was stricken and the cause dismissed by a decree entered January 11, 1937. Plaintiff brings this appeal.

From the bill of complaint it appears that the First Union Trust & Savings Bank is a corporation organized under the laws of Illinois with relation to banks

and bankers; that July 23, 1931, it filed an amended and supplemental bill and afterward an amendment thereto to foreclose a trust deed executed by Gray; that a foreclosure decree was entered May 23, 1933, upon the report of a master to whom the cause was referred; that pursuant to the decree the master on July 17, 1935, sold the premises described, and on July 18, 1935, filed his report of sale and distribution. On the same day the First National Bank of Chicago filed its petition in the cause, praying that the decree for the deficiency recommended by the master might be entered in its favor. The petition averred that after the entry of the decree of July 17, 1933, the First Union Trust & Savings Bank, pursuant to an act of congress, consolidated with the First National Bank of Chicago under the charter of petitioner; that the comptroller of, the currency issued a certificate so certifying and thereupon the consolidation became effective; that the consolidated banking association held a special permit from the Federal Reserve Board pursuant to par. k of section 248, title 12, of the United States statutes granting petitioner the right to act as trustee and in other fiduciary capacities; that petitioner also held a certificate from the State auditor of public accounts of the State of Illinois giving it the right to accept and execute trusts under the name, "First National Bank of Chicago"; that it was duly qualified under the laws of the United States and the laws of Illinois to accept and execute trusts under that name; that by reason thereof the existence of the First Union Trust & Savings Bank was merged into and continued in the petitioner, and that all rights, powers, etc., vested in the First Union Trust & Savings Bank, as trustee, are now possessed by petitioner, and thereby petitioner had become the complainant in the cause and was entitled to recognition as such.

The petition prayed for further relief. On July 22, 1935, the court entered a decree approving the master's

report of sale and distribution, reciting the filing of the petition of the First National Bank of Chicago, finding that the allegations of the petition were true and adjudging that by virtue of the consolidation the existence of the First Union Trust & Savings Bank was merged into and continued in the First National Bank of Chicago, and that the bank had become and was complainant in the case and as such entitled to the benefits thereof, and decreed that as such complainant trustee it have and recover from Gray $106,205.26 with interest at 5 per cent from June 10, 1935, and have execution therefor. July 25, 1935, Gray moved to vacate the order of July 22, 1935, on the ground that the petition was docketed on the motion calendar for presentation on July 18, 1935; that Gray then appeared and advised the court that defendant desired to answer but his counsel was otherwise engaged; that Gray's counsel understood the court had granted 5 days for answer; that on July 22, 1935, Gray appeared, thinking the answer and hearing on the petition would be then considered; that counsel understood he had all of July 22, 1935, to answer and on the morning of that day was engaged in the United States District Court; that defendants believed they had a meritorious defense to the petition and should be permitted to answer. The motion was denied.

The files in this court in Gen. No. 39,002 show that on June 3, 1936, Gray filed his petition for leave to appeal from the decree of July 22, 1935; that the bank on June 13th filed its answer to the petition and on June 15th the prayer of the petition was denied; that Gray afterward filed a petition praying this order of June 15, 1936, might be set aside, which on June 29, 1936, was denied.

The First National Bank of Chicago moves to dismiss this appeal for the reason that Gray by his petition for leave to appeal secured one review of the decree. The bank says a party may not compel defend-

ant to defend the foreclosure decree twice in the same court, and that Gray cannot in this manner relitigate questions heretofore reviewed; that the judgment entered upon his petition for review is binding and may not again be opened up. The bank cites *Salley v. People,* 122 Ill. App. 70; *Soden v. Claney,* 269 Ill. 98, 101, 102; and *Wabash, St. Louis & Pac. Ry. Co. v. Peterson,* 115 Ill. 597.

The petition for leave to appeal to this court was filed pursuant to the provisions of sec. 76 of the Civil Practice Act (Ill. Rev. Stat. 1937, ch. 110, p. 2410 [Jones Ill. Stats. Ann. 104.076]) which provides for a notice of appeal after the expiration of 90 days from judgment and within the period of one year only, however, by order of the reviewing court upon motion and notice to adverse parties and upon a showing by affidavit that there is a merit in appellant's claim and that the delay was not due to appellant's "culpable negligence." In addition to merit the petitioner must show the absence of culpable negligence. No opinion was filed in this court in that proceeding. The files and records show the merits of the matter were presented but it does not affirmatively appear whether the petition was denied on the ground of lack of merit or because of culpable negligence. The arguments in briefs were directed to the same issues and upon the whole record we are of the opinion that these points rather than any question of negligence were determinative. In the absence of an opinion by the court, however, we are disposed to hold that plaintiff is not precluded. The motion to dismiss will be denied.

Defendant, however, further contends that the errors of which plaintiff complains may not be corrected by means of a bill of review, because these alleged errors go only to the correctness of the court's decision; because a bill of review cannot be made to function as an appeal or writ of error; because the petition

of the bank of July 18, 1935, was taken as confessed against plaintiff; and because plaintiff is not prejudiced by the decree. The law is that a bill of review can be brought only within the time allowed for perfecting an appeal or suing out of writ of error. Under section 76 of the Practice Act here applicable, the limit for appeal, as a matter of right, is 90 days, or upon leave granted by the reviewing court, within one year. This bill was filed after 90 days but within one year from the entry of the decree complained of. Whether this bill was brought within the required time raises a question we need not decide. *Knaus v. Chicago Title & Trust Co.*, 365 Ill. 588.

Technically the bill is one to correct errors of law apparent on the face of the decree. This is indicated by the fact that it was filed without leave first obtained. 3 Ency. of Pleading and Practice, 575; Storey's Equity Pleading, secs. 404–411; 10 R. C. L. secs. 360–366. It is elementary that errors in a decree resulting from mistaken judgment going only to the correctness of the court's decision (*Perry v. Phelips*, 17 Ves. Jun. 173 English Reports, Full Reprint, vol. 34 (p. 67); *Vyverberg v. Vyverberg*, 310 Ill. 599; *Regner v. Hoover*, 318 Ill. 169; *Hoffman v. Knox*, 50 Fed. 484) or errors resulting from a failure to present a defense existing at the time a judgment or decree is entered (*Harrigan v. County of Peoria*, 262 Ill. 36; *Stasel v. American Home Security Corp.*, 279 Ill. App. 172) may not be made the basis upon which equitable relief by way of a bill of review may be granted. The bill of review cannot be made to perform the function of an appeal or writ of error (*Regner v. Hoover*, 318 Ill. 169; *Hoffman v. Knox*, 50 Fed. 484.) The courts are reluctant to subject decrees to review by this method, and the cases are comparatively few in which relief may thus be obtained.

The petition of the bank to be substituted as plaintiff clearly set up the facts upon which it was based. Plaintiff had notice of the presentation of the petition and an order was entered that all defendants within a time certain should plead, answer, except or demur. The hearing was set for a specific day and at 9:30 a. m. Plaintiff allowed the petition to be taken as confessed. The court had jurisdiction to decide who was the proper party plaintiff. It decided and entered an order accordingly. Two days thereafter plaintiff Gray made a motion to set the decree aside and for leave to answer the petition. The motion was supported by affidavit in which the reasons therefor were fully set up. The court decided that the affidavit was insufficient and the motion was denied. If the court erred in its judgment in these respects or in the exercise of its discretion, the error might have been corrected upon appeal which, under our present statute, is a matter of right. Defendant did not avail himself of this remedy. Moreover, we think the trial court may well have sustained the motion to dismiss the petition for the reason that it fails in any respect to show wherein plaintiff is prejudiced in any way. Not only does the bill fail to allege prejudice, it affirmatively sets up facts showing that plaintiff has not been prejudiced. The bill does not disclose wrong to plaintiff visible to the judicial eye. Plaintiff presents a purely technical complaint to the effect that the successor trustee is not as a matter of law the legal successor of the First Union Trust & Savings Bank, the original plaintiff. He does not show any detriment to him or his rights thereby or any advantage which would be obtained by substituting the one plaintiff for the other. Indeed, if both banks should be held to be disqualified as trustees under the trust deed, the court would not allow the trust to fail. Under well recognized rules and for obvious reasons it would appoint a successor. It might appoint the First Na-

tional Bank, which the bill shows to be qualified. However, an examination of the bill and the authorities cited by both parties leads us to the conclusion that the alleged errors pointed out by the bill are not such errors as may be corrected by a bill of review. The contention of plaintiff is that the alleged consolidation of the First Union Trust & Savings Bank, an Illinois corporation, with the First National Bank of Chicago, a corporation created under the laws of the United States, is illegal and void because it was unauthorized by any Illinois statute. As plaintiff in his ingenious brief says: ''This is the prime, the first, the outstanding and necessarily controlling issue in this case, this issue as to the power of First Union Trust & Savings Bank under the Illinois statute, that bank's only source of power. In fact it is *the only issue* in this Honorable Court on the merits of this case.'' If it is conceded that this question is debatable it would not follow that the alleged error was one that might be corrected by a pure bill of review, and this for the reason that the alleged error is not ''apparent.'' The bill does not show any unquestioned violation of the provisions of the statute. It does not point out any decision of a court by which the proposition of law for which it contends is unquestionably established. Manifestly, a bill of review is not designed to correct such supposed errors which, under our Civil Practice Act, may be reviewed by appeal. Storey, Equity Pleadings, sec. 405, illustrates the kind of supposed errors which may be reached by bill of review, such as if a decree is against the statute law in directing a legacy belonging to a child who had died an infant intestate without wife or children to be distributed to his mother, brothers and sisters, where by the statute it was vested entirely in the father, or where an absolute decree was made against a person who upon the face of it appeared to have been an infant. As Lord Chancellor Eldon said

in *Perry v. Phelips,* 17 Ves. Jun. 173, 177: "There is a great distinction between error in the Decree and error apparent. The latter description does not apply to a merely erroneous judgment; and this is a point of essential importance; as, if I am to hear this cause upon the ground that the judgment is wrong, though there is no error apparent, the consequence is, that in every instance a Bill of Review may be filed; and the question, whether the cause is well decided, will be argued in that shape: not, whether the Decree is right or wrong on the face of it. The cases of error apparent, found in the books, are of this sort; an infant not having a day to show cause, etc.; not merely an erroneous judgment."

The supposed errors alleged in the bill are not of this character. Plaintiff cites authorities such as *Gunggoll v. Outer Drive Athletic Club,* 349 Ill. 406, and *California Bank v. Kennedy,* 167 U. S. 362, 367, 42 L. Ed. 198, 200, to the effect that consolidation of corporations without statutory authority is void, and argues that *Casey v. Galli,* 94 U. S. 673, 24 L. Ed. 168, has been overruled by *Hopkins v. Cleary,* 296 U. S. 315, 80 L. Ed. 251, and by the same reasoning argues that the opinion of the Attorney General of Illinois (see Opinions, 1927, p. 316) to the effect that this consolidation was legal should be disregarded. The question decided in *Hopkins v. Cleary* did not arise out of the consolidation of a State bank with a national corporation. *McCulloch v. Maryland,* 4 Wheat. 316, has never been overruled. Even if upon a consideration of all the cases we were disposed to agree with the validity of the argument presented by attorney for the plaintiff it would by no means follow that the alleged error was "apparent" within the rule limiting errors which may be corrected by a bill of review. If the supposed error is debatable it is not "apparent." Much less would we be able to hold these errors to be "apparent" in view of the fact that pending this appeal the

third division of this court, in the case of *First National Bank of Chicago v. Lindberg*, 293 Ill. App. 474, on the appeal of Edward F. O'Brien (a case where the Appellate Court was unrestricted by rules of law applicable to bills of review and where the appellant was represented by the same counsel as appear for plaintiff here) held in a carefully considered opinion by Presiding Justice Hebel that the defendant in a foreclosure suit was without standing to question the right of the consolidated plaintiff's successor trustee to maintain its bill to foreclose; the exclusive right to raise that question being in the State. We agree with the conclusion reached in that opinion. It is unnecessary to repeat here what was said there. For these reasons the decree is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MCSURELY, J., concur.