Edwin Ullrich, Appellant, v. Gertrude Ullrich, Appellee.

Gen. No. 40,342.

Opinion filed April 10, 1939.

Adams, Nelson & Williamson, of Chicago, for appellant; E. Douglas Schwantes, of Chicago, of counsel.

James L. Kostka and Oscar A. Knittel, both of Chicago, for appellee.

Mr. Justice Matchett delivered the opinion of the court.

December 16, 1936, Gertrude Ullrich was granted a decree of divorce from her husband Edwin for his fault. December 14, 1937, Edwin filed in the same court, without leave, a bill to have the decree annulled for error of law, as claimed, apparent on the face of the decree. Mrs. Ullrich first answered and afterward by leave withdrew her answer and moved to strike the complaint. The motion was allowed, the suit dismissed, and plaintiff appeals.

The material facts disclosed by the record are that Mrs. Ullrich on March 6, 1935, filed her bill for separate maintenance which her husband answered, and March 9, 1936, he filed a cross-bill for divorce which she answered. October 9, 1936, she filed an amended complaint in which she charged extreme and repeated cruelty and prayed for a divorce. He answered denying the charges on October 20. December 2 an order was entered giving Mrs. Ullrich leave to amend her complaint so as to charge desertion, the answer of defendant on file to stand to the complaint as amended. This order was entered by consent of the parties and the cause was then heard in open court, both parties being represented by their attorneys. December 16 the decree was rendered. It recites that the cause came on for hearing upon plaintiff's amended complaint for divorce, the answer of defendant thereto and his cross complaint with plaintiff's answer to it; that defendant had due notice by personal service and

was represented in court by his attorneys; that testimony of witnesses was taken and filed; that the court had jurisdiction of the persons of the parties and the subject matter of the cause; that the plaintiff was and had been for more than a year an actual resident of Cook county, Illinois; that the parties were married June 19, 1930; that one child (then a minor) was born of the marriage; that defendant without any reasonable cause wilfully deserted plaintiff on March 5, 1935. The decree directs that defendant's counterclaim for divorce shall be dismissed for want of equity; that the marriage between the parties be dissolved; the custody of the child given to Gertrude Ullrich; that defendant pay $10 a week for the maintenance of the child, and that the question of alimony for Mrs. Ullrich be reserved; that defendant pay $100 solicitors' fees.

The error urged by plaintiff is that the decree was granted for wilful desertion and that it is apparent the court erroneously included in the period of one year of wilful desertion, as required by statute, the time in which a bill of complaint by Mrs. Ullrich against her husband for separate maintenance was pending. Such computation was held erroneous by the Supreme Court in *Floberg v. Floberg,* 358 Ill. 626, followed by this court in *In re Estate of Schriver,* 289 Ill. App. 581. In each of these cases, however, the decree was challenged by direct appeal where the court in its consideration of the decree was untrammelled by rules applicable to petitions for review for error apparent on the face of the decree by which we are bound. Courts are reluctant to subject decrees in equity to review by bills of this nature, and the cases are comparatively few in which such relief has been allowed. In particular, this reluctance exists in regard to decrees for divorce and for obvious reasons. In Ohio it has been held decrees for divorce may not be reviewed by this method. *Bascom v. Bascom,* 7 Ohio 125, pt. 2. Plain-

tiff suggests this bill, "under the former practice act was termed a bill of review." So far as the briefs disclose such a bill is not otherwise designated by the Civil Practice Act. As a matter of history such a bill is a remedy in equity which has existed since 1536. Holdsworth's History of Eng. Law, vol. 9, pp. 368, 369. The bill would lie only after the decree was enrolled. It was in the nature of a writ of error and equitable defenses, such as laches, could be presented. It was therefore early laid down that the bill must be brought within such time as might have been by law prescribed for an appeal or writ of error. Indirectly the Civil Practice Act seems to have modified the practice somewhat in this respect. *Knaus v. Chicago Title & Trust Co.*, 365 Ill. 588, 7 N. E. (2d) 298; *Kosmerl v. Sevin*, 295 Ill. App. 345; Smith-Hurd Anno. Stats., ch. 110, sec. 76, par. 200, p. 181 [Jones Ill. Stats. Ann. 104.076].

The law of this State with reference to bills of review is well stated in the early case of *Griggs v. Gear*, 3 Gilman, (Ill.) 3, in which A. Lincoln appeared as counsel. It was there pointed out that such bills were in the nature of writs of error filed in the court where the original decree was entered and were of three kinds. First, for error of law "which is apparent upon the face of the decree itself"; second, for newly discovered evidence; and third, bills in the nature of bills of review brought to impeach a decree for fraud. The distinctive feature of these classes was and is that a bill for error of law apparently may be filed without permission of the court, while others require permission. The opinion points out that in cases of the first class by the word "decree" was to be understood not only the final judgment of the court but the pleadings also upon which it was entered, the substance of which, according to English practice, was recited in the decree itself. For that reason in this State in a bill of this

kind the court looks through the bill, the answer and the facts as found and determined by the decree. It is apparent, however, that all errors of law in such decrees may not be corrected in a proceeding of this character. In the recent case of *Gray v. First Nat. Bank of Chicago,* 294 Ill. App. 62, 13 N. E. (2d) 497, we gave consideration to this question. We said:

"Technically the bill is one to correct errors of law apparent on the face of the decree. This is indicated by the fact that it was filed without leave first obtained. 3 Ency. of Pleading and Practice, 575; Storey's Equity Pleading, secs. 404–411; 10 R. C. L. secs. 360–366. It is elementary that errors in a decree resulting from mistaken judgment going only to the correctness of the court's decision, *Perry v. Phelips,* 17 Ves. Jun. 173 English Reports, Full Reprint, vol. 34, page 67; *Vyverberg v. Vyverberg,* 310 Ill. 599; *Regner v. Hoover,* 318 Ill. 169; *Hoffman v. Knox,* 50 Fed. 484, or errors resulting from a failure to present a defense existing at the time a judgment or decree is entered (*Harrigan v. County of Peoria,* 262 Ill., 36; *Stasel v. American Home Security Corp.,* 279 Ill. App. 172) may not be made the basis upon which equitable relief by way of a bill of review may be granted. The bill of review cannot be made to perform the function of an appeal or writ of error. (*Regner v. Hoover,* 318 Ill. 169; *Hoffman v. Knox,* 50 Fed. 484.) The courts are reluctant to subject decrees to review by this method, and the cases are comparatively few in which relief may thus be obtained."

The cases all hold that an error in a decree brought about by consent of the parties, or error existing because of the failure to present a defense where the opportunity was offered, or error which would require the examination of the evidence, or error which would amount to use of the bill of review as a substitute for an appeal or writ of error, or where the party has

been guilty of laches, may not be corrected by this kind of bill of review.

Mrs. Ullrich contends that the decree here entered was in the nature of a consent decree, but the record does not sustain this contention. A decree for divorce may not be entered by the consent of the parties. She cites *Hazard v. Hazard*, 205 Ill. App. 562, and *Gugenheim v. Gugenheim*, 189 Ill. App. 146. While the decree itself was not entered by consent, however, it appears clearly from the record that if there is error in the decree in the respect now pointed out the plaintiff here acquiesced and participated in creating the error by his consent to the order by which the complaint for divorce was amended so as to add thereto as one of the causes wilful desertion. The record shows that Mr. Ullrich's attorney was present and consented to that order. He therefore is charged with full knowledge of the entry of the decree at the time it was entered and of the manner in which it was obtained. He could have within 30 days called this supposed error to the attention of the court and secured its correction (Laws of 1933, p. 678; Smith-Hurd Anno. Stats. ch. 77, secs. 82–85 [Jones Ill. Stats. Ann. 104.098, 104.101]). At any time within 90 days after the decree was entered he might have given notice of appeal by which he could have secured a review of the decree upon the merits and had the same set aside, vacated, modified or reversed; or at any time after 90 days and within one year from the rendition of the decree, by permission of the reviewing court, upon petition showing merit and absence of culpable negligence, he might have obtained the same relief. (Smith-Hurd Anno. Stats. ch. 110, sec. 76, par. 200, p. 181 [Jones Ill. Stats. Ann. 104.076].) He did not do so. Clearly, he is attempting to make the bill of review perform the func-

tions of an appeal or writ of error. The cases all agree that this cannot be done.

*Bushnell v. Cooper,* 289 Ill. 260, was a suit for separate maintenance by one of the parties and for divorce by the other. Mrs. Bushnell, then residing in Ohio, died about two o'clock on the afternoon of the day upon which a decree in her favor was entered. At the time of its entry solicitors for the parties did not know of her death, but upon the evening of that day her husband obtained that knowledge; he took no steps to inform the court of that fact until the expiration of the term at which the decree was entered. Thereafter he presented his petition for leave to file a bill of review. The petition set up the facts and the time of the death of Mrs. Bushnell and asserted that the court was without jurisdiction to enter the decree in her favor. The petition was afterward withdrawn by leave and a bill of review setting up the same facts was filed. It was held that plaintiff could not prevail. The court said: "No satisfactory reason is shown why the fact of Mary Bushnell's death was not brought to the attention of the court at an earlier date. Had the proper motion been made at the June term, the court, undoubtedly, would have granted appellant ample time to present the facts to support it. No such motion was made and appellant slept on his rights until that term expired. The failure to make such motion was due entirely to his own negligence, and under such circumstances such new matter cannot be made the basis for a bill of review. (*Schaefer v. Wunderle, supra.*) Where it affirmatively appears that the matters relied upon as newly discovered came to the party's knowledge in ample time to have been availed of in the original cause, by motion or otherwise, they cannot be made the basis of a bill of review to set aside the decree. (*Griggs v. Gear, supra; Boyden v.*

*Reed,* 55 Ill. 458; *Harrigan v. County of Peoria, supra.)* Such is the situation presented by this case, and the court was right in denying leave to file the bill.''

If, under such circumstances, the court was justified in denying leave to file the bill, then much more would it be justified in denying relief under a bill filed where the facts appear such as we find in this record. In the first place, the alleged error here is not apparent on the face of the decree. We think it is a matter of doubt whether the original bill for separate maintenance can be considered at all in view of the fact that it was not offered in evidence. *Ledford v. Chicago, M., St. P. & Pac. R. Co.,* 298 Ill. App. 298, 307. Moreover, defendent assisted in making the error (if error it is) through failing to present a defense well known to him, and is estopped by failure to move to set aside the decree within 30 days, to file notice of appeal therefrom within 90 days, or to petition for leave to appeal within a year. We hold plaintiff is estopped, is guilty of laches, and the alleged error is not apparent. To grant petitioner's prayer would be to allow a bill of review to perform the functions of an appeal or writ of error.

The order dismissing the suit is affirmed.

*Order affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.