Jennie E. Glanz, Appellant, v. E. E. Mueller, Receiver, et al., Appellees.

Gen. No. 42,142.

Heard in the third division of this court for the first district at the February term, 1942. Opinion filed April 26, 1944. Rehearing denied May 12, 1944.

JACOB LEVY, of Chicago, for appellant; ED McTIERNAN, of Chicago, of counsel.

ADAMOWSKI, SALLEMI & CROWLEY, of Chicago, for certain appellee; JAMES V. SALLEMI, of Chicago, of counsel.

SCHUYLER & HENNESSY, of Chicago, for certain other appellee; C. ERNEST HEATON, of Chicago, of counsel.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal by the plaintiff involving a complaint in the nature of a bill of review filed by her on August 15, 1941 to review a decree entered on August 23, 1940. Plaintiff had asked that the decree entered on the counterclaim of Charles H. Albers as receiver be reviewed, reversed and set aside, and that plaintiff be permitted to file an answer in the suit and to defend the same.

On October 15, 1941, the chancellor entered an order on the motion of Otto C. Woerter, successor receiver to Charles H. Albers as receiver of the United American Trust & Savings Bank, and of E. E. Mueller, receiver of Home Bank & Trust Company, striking and dismissing the complaint of plaintiff in case 41 C–6975. Plaintiff had sought to have vacated a decree *pro confesso* which had been entered by Judge Epstein of the circuit court on August 23, 1940 in the case entitled *"E. E. Mueller, as Receiver of Home Bank & Trust Company v. Sarah Abram (T 1562) et al.,* No. 40 C–1163." Plaintiff had been summoned to appear in this case, as well as other defendants.

The dismissed complaint was drawn on the theory of errors upon the face of the original decree and on the supposition that fraud had been perpetrated in procuring the entry of the decree.

On August 23, 1940 the final decree, which the dismissed complaint in case 41 C–6975 sought to be vacated, was entered in case No. 40 C–1163 after the complaint and counterclaim therein had been taken as confessed against Louis D. Glanz, Alexander Glanz, Pauline F. Hatterman and Jennie E. Glanz, defendants in the case, the court having heard evidence. This decree was to enforce the lien upon certain stock deposited as collateral and under circumstances which, as set out in the counterclaim were as follows.

On July 31, 1929 Louis D. Glanz, Alexander Glanz and Pauline F. Hatterman were the owners of all of the stock of Hatterman & Glanz State Bank and were also copartners doing business as Hatterman & Glanz. By an agreement dated July 31, 1929 said individuals and said copartnership and Home Bank & Trust Company agreed that Hatterman & Glanz State Bank be consolidated with Home Bank & Trust Company and that certain assets consisting of collateral loans and notes of Hatterman & Glanz State Bank were not acceptable under said consolidation unless Home Bank & Trust Company was indemnified against loss; that to furnish such indemnity on a percentage basis of 20 per cent and 40 per cent said Louis D. Glanz, Alexander Glanz and Pauline F. Hatterman entered into trust agreements dated August 20, 1929 with Home Bank & Trust Company as trustee designated as trusts Nos. 1427 and 1428. Instead of bank stock, said Louis D. Glanz, Alexander Glanz and Pauline F. Hatterman deposited as collateral security in said trusts Nos. 1427 and 1428, with Home Bank & Trust Company as trustee thereunder, 34 shares of stock issued by the Chicago Title & Trust Company with power to sell said stock.

On July 10, 1930 United American Trust & Savings Bank purchased all of the assets of Home Bank & Trust Company, including said loans and notes and said agreements, trusts Nos. 1427 and 1428; on June 14, 1932 United American Trust & Savings Bank closed and the counterclaimant, Charles H. Albers, as receiver of said bank has title to all the said assets thereof, including said trust agreements Nos. 1427 and 1428; that $1,300 is unpaid and with 7 per cent interest from June 20, 1932 (over $716) constitutes a loss on the Olsen loan which is of no value, listed in trust No. 1427, and that $1,384 is unpaid, and with 7 per cent interest from June 13, 1932 (over $765) consti-

·tutes a loss on the Dyniewicz note which is of no value, listed in trust No. 1428; that on January 17, 1932 a judgment by confession was entered in favor of United American Trust & Savings Bank against Louis D. Glanz, Alexander Glanz and Pauline F. Hatterman for $144,100.50 in the superior court of Cook county, case No. 530335, which judgment was confirmed May 17, 1939, and execution was then ordered to issue; that executions were issued on said judgment and were returned "no property found," and about a month later on February 26, 1940 said receiver of United American Trust & Savings Bank, garnisheed the Home Bank & Trust Company as trustee under trusts Nos. 1427 and 1428 and E. E. Mueller as receiver and caused a summons to be served; that E. E. Mueller, as receiver of Home Bank & Trust Company, filed his answer as garnishee in said case No. 530335 stating that he had in his possession the said 34 shares of stock issued by Chicago Title & Trust Company held under trusts Nos. 1427 and 1428 together with said $115.44 held for the benefit of Louis D. Glanz under trust No. 1486.

The counterclaim, a claim *in rem,* then avers and prays that said stock certificates and said sum of money should be delivered to said counterclaimant, Charles H. Albers, receiver, as his sole property to be applied upon said indebtedness of Louis D. Glanz, Alexander Glanz and Pauline F. Hatterman to United American Trust & Savings Bank, and that E. E. Mueller, as receiver of Home Bank & Trust Company, should assign to said counterclaimant his claim to dividends on said stock and prays that a decree be entered accordingly.

The decree entered August 23, 1940 ordered that E. E. Mueller, as receiver of Home Bank & Trust Company, assign and deliver to Charles H. Albers, as receiver of United American Trust & Savings Bank, the aforesaid certificates for 34 shares of stock issued

by Chicago Title & Trust Company held in trusts Nos. 1427 and 1428 and decreed that E. E. Mueller, as receiver of Home Bank & Trust Company, Louis D. Glanz, Alexander Glanz, Pauline F. Hatterman and Jennie E. Glanz have no interest in said securities. Said decree further ordered that Charles H. Albers, receiver of United American Trust & Savings Bank, credit $3,553, found to be the market value of said securities, on said indebtedness of Louis D. Glanz, Alexander Glanz and Pauline F. Hatterman to United American Trust & Savings Bank, and that E. E. Mueller, as receiver of the Home Bank & Trust Company assign to Charles H. Albers, as receiver of the United American Bank & Trust Company the entire interest of Home Bank & Trust Company, as trustee under trusts Nos. 1427 and 1428, together with all dividends declared upon the said 34 shares of stock, and that upon so doing said trusts shall be terminated. The decree provided that E. E. Mueller, as such receiver, be allowed a fee of $50 for the services of Home Bank & Trust Company, as trustee under trust No. 1486 from the fund of $115.44 held thereunder for the benefit of Louis D. Glanz as set forth in the answer in said garnishment proceedings, and that the balance of $65.44 be paid to Charles H. Albers as receiver of United American Trust and Savings Bank and credited upon said indebtedness of Louis D. Glanz, and Alexander Glanz and Pauline F. Hatterman to said bank in termination of said trusts.

It is thus apparent that no equity in the deposited collateral remained in Jennie E. Glanz.

It is equally apparent that neither the alleged assignments of interest in the collateral nor the alleged transfer by a trustee in bankruptcy to Jennie E. Glanz as related by her would indicate that she has any valuable interest in the collateral.

Plaintiff could have appeared in the case and presented any defense she chose but disregarded the sum-

mons issued to her. She acknowledged receipt of the summons but complained that it was indorsed "No personal judgment or decree will be sought against the defendants." Inasmuch as the counterclaim and also the decree were *in rem* there was no personal judgment sought, and it therefore does not appear that plaintiff sustained any injury thereby nor that any misrepresentation was made or fraud committed. In *Austin v. Royal League,* 316 Ill. 188 it was said: "In the strict sense of the term, a proceeding *in rem* is one which is taken directly against property or one which is brought to enforce a right in the thing itself. The distinguishing characteristic of judgments *in rem* is that they operate directly upon the property and are binding upon all persons in so far as their interest in the property is concerned. Since a judgment *in rem* operates upon the particular property which is the subject of litigation, it does not have any effect in personam and creates no personal liability."

Plaintiff has averred that the circuit court had no jurisdiction to entertain the complaint or the counterclaim herein. We find no merit in this contention, for there is nothing in the statute (Ill. Rev. Stat. 1941, ch. 110, pars. 162, 167, 168 [Jones Ill. Stats. Ann. 104.038, 104.043, 104.044]) which would oust the jurisdiction of the court, nor anything which would prevent the filing of the complaint of Mueller, receiver, nor the filing of the counterclaim as a part of the answer of Albers, receiver. No rule of the Supreme Court prevented the joining of issues in this proceeding. (*State Bank of St. Charles v. Burr,* 372 Ill. 114; *Kronan Building & Loan Ass'n v. Medeck,* 368 Ill. 118).

Having disregarded the summons issued to her, plaintiff cannot now by a complaint in the nature of a bill of review gain the advantages of an appeal long after the expiration of the time within which she might have sought relief by way of appeal. Such is not the function of a complaint in the nature of a bill of re-

view. (*Gray v. First Nat. Bank of Chicago*, 294 Ill. App. 62.) Questions of procedure cannot thus be brought for consideration. In *Stasel v. American Home Security Corp.*, 279 Ill. App. 172, the court said: "The question left for us to determine is whether or not, in view of the fact that, after being served with summons, the Stasels failed to enter an appearance and present their undoubted legal defense in the foreclosure suit, they are precluded from asserting their alleged rights by this bill for review. There is no question but that the note and mortgage were forged, and the entire case of defendant is based upon the theory that the complainants failed to exercise due diligence in the foreclosure proceeding, in that they did not appear and make their defense when served with summons; that having failed in this regard, they cannot now have the relief prayed." And in *Regner v. Hoover*, 318 Ill. 169, the Supreme Court said: "Considerable space in the briefs is devoted to the merits of the cause under the original bill. Such considerations have no place in the consideration of this cause . . . An attack on a decree by a bill of review is collateral. . . . The error to be reviewed by a bill of review must be more than the result of a mistaken judgment."

Thus, though we find that no error was committed in this case, if the plaintiff had desired to allege error involving the merits of the case it could only have been reviewed on direct appeal at the proper time, and not by a bill in the nature of a bill of review.

For the reasons stated heretofore we find that the circuit court properly struck and dismissed the complaint of plaintiff in the case, and its decree should be affirmed.

The decree of the circuit court herein is therefore affirmed.

*Decree affirmed.*

Burke and Kiley, JJ., concur.