## JOHNSON v. JOHNSON.

RES JUDICATA.

A judgment between parties is conclusive not only as to the matters which were in fact determined, but as to all other matters which might have been litigated as incidental or essentially connected with the subject-matter of the litigation, whether the same were or were not, as a matter of fact, considered; but this rule does not apply to a case where the matter relied on was not incidental or essential to the determination of the subject-matter, but was a distinct and separate cause of action which the record shows was left undetermined.

*Appeal from the District Court of Arapahoe County.*

Mr. A. B. Ullery and Mr. J. H. Reddin, for appellant.

Messrs. Belford & Marsh, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

This is an action brought by appellant, plaintiff below, to establish a resulting trust in certain real estate in the city of Denver, the legal title to which is in appellee, defendant below. Appellee, in her answer, set up *inter alia* the defense of *res judicata*, and by consent the issue thereby presented was first tried, and the court below found, upon the evidence introduced, that this defense was sustained; and it being decisive of the case, rendered judgment in favor of appellee. The evidence introduced and relied on to support this defense was the record in a certain action for divorce theretofore instituted by appellant against appellee wherein a decree was rendered in her favor on July 10, 1891.

From this record it appears that appellant, as plaintiff in that suit, set forth in his complaint a cause of action for divorce, and also the facts upon which he relies in this action to establish his right to an undivided half of the real estate in controversy. The appellee, defendant in that action, filed a cross complaint, setting up grounds for divorce as against him, and also alleging title to the property in herself. The bill of exceptions does not disclose the evidence offered upon the trial of that cause, but sets forth the following findings of fact and decree rendered thereon :

" *First.* That the plaintiff and defendant were duly married on the 24th day of April, A. D. 1884, at the city of Denver, in the county of Arapahoe and state of Colorado.

" *Second.* That ever since their said marriage they have, and still do reside in said city, county and state.

" *Third.* That they lived and cohabited together as husband and wife from the time of said marriage until on or about the 9th day of February, 1891, when they separated from each other and have not since lived and cohabited together.

"*Fourth.* That neither the plaintiff nor defendant have been guilty of cruel and inhuman treatment toward the other during their marital relations.

" *Fifth.* That the plaintiff has been guilty of habitual drunkenness for more than a year last past before the commencement of this action.

\*    \*    \*    \*    \*    \*    \*    \*

"*Seventh.* That there are no children living the issue of said marriage."

### DECREE.

" Upon the findings of fact aforesaid it is ordered and decreed that the plaintiff's complaint be and the same is hereby dismissed.

" That the defendant Ella V. I. Johnson be and she is hereby forever divorced from the plaintiff and the marital relations heretofore existing between the plaintiff and the defendant are hereby absolutely dissolved.

" It is also further ordered, adjudged and decreed that the defendant do have and recover judgment against the plaintiff, her legal costs, to be taxed, and that execution issue therefor."

It further appears from the bill of exceptions that the findings of fact when presented to the court, included this further finding:

" *Sixth.* That the defendant is the sole owner in her own right of lot 19, in block 5, Emery's Subdivision to Highlands, and also of lot 6, in block 11, Union Addition to Denver, and that she is entitled to hold the same as her own separate property."

And the decree as prepared and submitted contained the following:

" That the title and right of possession to lot 19, in block 5, in Emery's Subdivision to the town of Highlands, and lot 6, in block 11, in Union Addition to Denver, all in said county and state, be and they are hereby forever quieted as against any and all claims thereto made by the plaintiff, and

he is hereby forever barred from making any claim to any right, title or interest therein growing out of their former marital relations."

This finding and portion of the decree were stricken out by the court. It therefore appears that while the question of the title to the property in controversy was raised in the pleadings in the divorce suit, it was not passed upon or decided in that action. While there is a conflict of decision as to the matters concluded by a judgment of a court of competent jurisdiction, it seems to be settled that it is conclusive as to all points directly involved and necessarily determined by it, and may be availed of either in bar or by estoppel in any subsequent controversy between the parties; and by the current of authorities, to-day extrinsic testimony is admissible to identify the matter adjudicated, if there be any uncertainty as to what was determined on the face of the record. And when, therefore, it clearly appears upon the face of the record, that a matter, although put in issue by the pleadings, and one that might have been adjudicated in the action, was excluded from the consideration of the court and not passed on, it follows that such matter is not concluded.

In the case of *Denver City Irrigation & Water Co. v. Middaugh*, 12 Colo. 434, this court in determining the amount and character of damages assessable in condemnation proceedings, announced the doctrine that a judgment between the parties is conclusive not only as to the matters that were in fact determined in the proceedings, but as to all other matters which might have been litigated as incidental, or essentially connected with the subject-matter of the litigation, whether the same were or were not, as a matter of fact, considered.

While the rule thus broadly stated is, when read in the light of the facts of that case, undoubtedly correct, and to be accepted as the law of this jurisdiction, it is not to be understood as applying to a case where the matter relied on as having been concluded was not incidental or essential to the determination of the subject-matter that was litigated, but

was a distinct and separate cause of action that the record clearly shows was not passed on and decided, but was expressly left undetermined. The findings and decree in the former suit were expressly limited to the divorce issue, and the issue upon the title of the property in question was eliminated from the findings of fact, and the decree as prepared submitted to the court by counsel for defendant in that action.

It therefore clearly appearing from the record introduced that the court expressly declined to pass upon the question of title to this property, and confined its decree solely to the dissolution of the marriage between the parties, the matters in the issue in the present action are still at large and undetermined. We think the court erred in sustaining the defense of *res judicata*, and the judgment is accordingly reversed and cause remanded.

*Reversed.*