No. 10,654.

SOWERS *v.* KENWORTHY, ET AL.

Decided April 7, 1924.   Rehearing denied June 2, 1924.

Action to quiet title.   Judgment for defendants.

*Affirmed.*

1.   JUDGMENTS—*Effect of Former Judgment.*   In a former action, the
     court having jurisdiction of the subject matter and all parties
     being before it, judgment being regularly entered, plaintiffs
     could not in a subsequent suit by varying the form of the ac-
     tion, escape the effect of the first judgment, especially where
     it was entered with their consent and upon their application.

*Error to the District Court of the City and County of Den-
ver, Hon. Clarence J. Morley, Judge.*

Mr. W. R. RAMSEY, for plaintiff in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendants in
error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

PLAINTIFF in error was plaintiff in a suit to quiet title
to some mining claims.   The complaint alleged title and
possession.   The defendants denied plaintiff's title and pos-
sesssion, and alleged title through a judgment of foreclos-
ure, which judgment has been affirmed in this court, *Sowers
v. Johnson,* 59 Colo. 258, 149 Pac. 248.

Plaintiff's replication charged that the foreclosure was
ordered in a suit in which the court was without jurisdic-
tion of the subject matter.   The ground of this charge
was that the foreclosure was not within the issues pleaded.
It was alleged also that an accounting as to ores extracted
from the property was also had without the matter having
been pleaded.   The original suit in which the judgment in

question was entered was brought by the plaintiff and her husband to have a series of transactions, beginning with a loan secured by said property adjudged to be an equitable mortgage. It was so held and the foreclosure followed.

It is now contended that the court had no jurisdiction to make an order retaining jurisdiction of the case for the purpose of foreclosing the equitable mortgage. The purpose of the original suit is evident. There had been a number of agreements as to redemption, with some collateral agreements, and apparently the plaintiffs desired to have questions which might arise determined by a foreclosure, so that a subsequent redemption would be effective. The prayer of the complaint was that the agreements might be held to constitute an equitable mortgage, and that such mortgage might be foreclosed. That the court granted the relief demanded cannot be a ground of complaint on the part of plaintiff. As to the others, it is sufficient to say that the plaintiffs demanded an accounting, and subsequently stipulated that an accounting should be had. They also stipulated for the entering of the decree in question.

That the court had jurisdiction of the subject matter of the foreclosure and accounting cannot be questioned. The parties were before the court, and at their instance the court proceeded to adjudicate, as it ought, all the matters involved. Plaintiffs cannot, by varying the form of action, escape the effect of a judgment regularly entered; and especially where such judgment was with the consent and, in part, upon the application of the plaintiff.

Finding no error in the record, the judgment is affirmed.

Decision *en banc.*

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD not participating.