## No. 12,119.

### FORT *v.* BIETSCH.

Decided January 28, 1929.   Rehearing denied February 18, 1929.

Messrs. ALLEN, WEBSTER & DRATH, for plaintiff in error.

Mr. J. PAUL HILL, for defendant in error.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

BIETSCH brought an action in tort against Fort before a justice of the peace, and recovered judgment for damages in the sum of two hundred dollars. Fort appealed to the county court, where judgment in a like amount was again awarded against him. He brings the case here on writ of error and asks for a supersedeas. Both parties ask for a final determination on such application. The parties will be designated as at the trial, Bietsch as plaintiff and Fort as defendant.

Defendant owns a reservoir for irrigating purposes, constructed across Todd creek. The reservoir dam is composed of earth. Todd creek is a natural stream with a small normal flow, but it is subject to heavy periodical floods. Its waters sometimes come down in such quantity and with such force as to carry trees and other obstructions in their wake. The habits of Todd creek in this regard were known to plaintiff and defendant.

Plaintiff owns an improved tract of land consisting of about 24 acres, situate to the south of, and below defendant's dam. In the year 1923 there was a flood, and a portion of the dam broke; the waters inundated plaintiff's lands and injured them and the crops thereon. The

damages resulting therefrom were settled by mutual agreement. Thereafter, in 1923 or 1924, defendant repaired the dam, but in 1925, after another flood, it broke loose again, which caused further injuries to plaintiff's lands and crops. In March, 1926, plaintiff and others then interested in the land, brought suit in the district court against defendant (not the present suit), and, as defendant claims, for damages past, present and prospective, but plaintiff claims that such suit was not for prospective damages.

After the dam broke the second time, it was not repaired; no water has been impounded, and the reservoir has remained in disuse. The aperture caused by the flood is about one hundred feet wide across the dike, which is wider than the original bed of the stream before the reservoir was constructed. The building of the reservoir changed the channel of Todd creek and caused it to swerve on plaintiff's lands.

About July or August, 1926, while the action in the district court was pending, and before the trial, another flood came down Todd creek, passed through the old break in the dam, again inundated plaintiff's lands, and caused more damage. The case in the district court was tried in January, 1927. In that case, plaintiff introduced evidence of the damage caused by the floods of 1923, 1925 and 1926. A map, plaintiff's Exhibit-A in the case in the district court, shows by color schemes, the following: Damage in 1923, 0.42 acre; damage in 1925, 0.35 acre; damage in 1926, 0.12 acre; land required for slope, 0.21 acre; land required for ditch, 0.05 acre. Plaintiff also introduced in evidence a number of kodak pictures, particularly with reference to the break in the dam. He obtained judgment against defendant in the sum of five hundred dollars, which the latter paid.

On November 28, 1927, plaintiff instituted the present action. It was brought to recover for the 1926 damage and prospective damages thereafter. At the trial in the county court, plaintiff introduced the same map and

kodak pictures that were in evidence in the prior cause in the district court. They show the existence of substantially the same situation on the ground under the evidence in the two cases. In general, plaintiff relied on similar proof in both cases to obtain judgments in each, as far as material to this opinion.

Defendant's chief assignment of error is on the ground that the former recovery is a bar and constitutes an estoppel to the prosecution of the present action in the following particular: The injury and damages assessed in the first action should have included and did include those that were then prospective, as well as past and present at the time of that action; that this embraced the damages consequent upon the 1926 flood, which was also the basis of the present recovery, and that as a result, plaintiff has sued and recovered twice for the same proximate cause and for the same injury, and has thus erroneously obtained a double judgment.

1. The merits of the above assignment must be determined by a comparison of the two actions, the first one in the district court, and the second in the county court, now under review. In doing this, we shall limit our inquiry to two things, the identity of the parties and the issue, as was done in *Albertson v. Clark,* 70 Colo. 129, 130, 197 Pac. 757, under a plea of res adjudicata. In the present case, it is not claimed that there is a diversity of parties; the controversy is over the identity of the issue. Was the cause and effect the same, and how shall this be determined? The answer will be found in the record in the two cases. The first action was brought under section 1684, C. L. 1921, which reads: "The owners of the reservoirs shall be liable for all damages arising from leakage or overflow of the waters therefrom or by floods caused by breaking of the embankments of such reservoirs."

Plaintiff's amended complaint in the first suit, which is in evidence in the second, also shows that the building of defendant's reservoir changed the channel of Todd

creek, and thus caused or contributed to the injury complained of. When the second suit was brought, the physical condition of the reservoir and stream remained unaltered. After the 1925 break, as said above, no water was impounded, and the gap in the dam or dike, wider than the natural bed of the stream, remained as before, for water to run through. There are no pleadings in the second case, for the reason that it originated before a justice of the peace, but the brief of counsel for plaintiff avers that it is to recover under the above section 1684, but takes the further position that if the court should regard this as untenable, then plaintiff should have damages because of the changing of the channel of Todd creek, and the consequent diversion of water on his lands. However, the above pleading and statement of plaintiff himself, establishes the identity of the same proximate cause of the injury in both cases, namely, the reservoir construction and change in the creek bed, and that they were the subject of adjudication in each of such cases.

2. The disposal of the question of parties, the elimination of certain issues, and the admitted fact that plaintiff's recovery in the second action was predicated on injuries brought about by the 1926 flood, all go to reduce the inquiry to the point as to whether plaintiff's damages sustained in the year 1926, were or should have been determined in the prior cause. If so, the judgment must be reversed, for, as well as said by Mr. Justice Sheafor in *Pomponio v. Larsen,* 80 Colo. 318, 321, 251 Pac. 534: "It is fundamental, and well understood, that the judgment of any court of competent jurisdiction, so long as it remains unreversed, is conclusive upon the parties and their privies when the judgment is rendered upon the merits, and without fraud or collusion, upon a matter within the jurisdiction of the court rendering the judgment. Such a judgment is an absolute bar to the prosecution of a second action on the same claim or demand, not only as to matters actually in controversy in the first action, but as to every matter which might have been

litigated and determined therein incident to and necessarily connected with the subject matter of the litigation. *Smith v. Cowell,* 41 Colo. 178, 92 Pac. 20.''

A review of the decisions shows that the above salutary general rule to minimize litigation has been the expressed view of this court for a period of about forty years and that like opinions prevail in other jurisdictions. Defendant's counsel has not cited all of our decisions on the point, and plaintiff's counsel has not cited any of them. The principle has been applied impartially to parties and their privies, both as to plaintiffs and defendants, and in a variety of cases. *Denver City Irrigation & Water Co. v. Middaugh,* 12 Colo. 434, 438, 439, 21 Pac. 565, 13 Am. St. Rep. 234, where the rule was enforced concerning prospective damages in a condemnation proceeding. *Seven Lakes Reservoir Co. v. Majors,* 69 Colo. 590, 196 Pac. 334, where an action was brought to recover damages occasioned by reason of defendants running a large volume of water into and through Dry creek, a natural channel which crossed plaintiff's property. At page 595 of that opinion, we say: ''The action was single, one in which recovery for all damage, past, present and future, could and should have been had.'' And further, on the same page (595), quoting from the syllabus in *Middlekamp v. Bessemer Irr. Co.,* 46 Colo. 102, 103 Pac. 280, 23 L. R. A. (N. S.) 795: ''The land owner may recover, in one action, all damages which have been sustained and all prospective damages, to the end of time.'' See also *Johnson v. Johnson,* 20 Colo. 143, 146, 36 Pac. 898; *Grand Valley Irrigation Co. v. Fruita Improvement Co.,* 37 Colo. 483, 500, 86 Pac. 324; *Sowers v. Kenworthy,* 75 Colo. 428, 429, 226 Pac. 141. In the last named case we say: ''The parties were before the court, and at their instance the court proceeded to adjudicate, as it ought, all the matters involved.''

3. In *Johnson v. Johnson, supra,* it is rightly pointed out that such law is not to be understood as applying to

·a case where the matter relied on as having been concluded was *not* essential to the determination of the subject matter that was litigated, but was a distinct and separate cause of action that the record clearly ·shows was *not* passed on and decided, but was expressly left undetermined. This doctrine is followed in the Grand Valley Irrigation Co. case, supra. But the converse of the rule is also true, that when the record shows that the matter claimed to be concluded *was* essential to the determination of the first suit, and that it *was* passed on and decided, it is a bar to another recovery.

4. In looking at the present and former actions side by side to determine whether the first is a bar to the second, we employ certain formulas heretofore sanctioned. We have compared the respective records as far as they are before us. We have taken the pleadings in the first case and examined it in connection with the statement of the second case by counsel for plaintiff, which for all practical purposes here, we have allowed as a substitute for a complaint to determine its nature, in the absence of written pleadings before a justice of the peace. We have also made use of the test prescribed in *Pomponio v. Larsen, supra.* It is there said (80 Colo. 318, 321): "The best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, according to the authorities, is whether the same evidence would sustain both, and if it would, the two actions are the same, and this is true although the two actions are different in form. *Agnew v. McElroy,* (Miss.), 10 Smed. & M. 552, 48 Am. Dec. 772; *Steinbach v. Relief Fire Insurance Co.,* 77 N. Y. 498, 33 Am. Rep. 655."

The point involved is stated in another way in *Bijou Irrigation District v. Weldon Valley Ditch Co.,* 67 Colo. 336, ,341, 342, 184 Pac. 382, as follows: "It is well settled that questions litigated in one action may not be again litigated by the same parties in another action, and whether or not they were litigated in the first action

may be shown by extrinsic evidence, under proper allegations in the plea, if such fact does not appear from the record.''

5. We have applied the above principles and are keeping in mind that the judgment which defendant claims was duplicated, is for the injuries caused by the 1926 flood. In the first action, defendant pleaded, inter alia, damages for the land wholly destroyed, and to the residue. The fact that he regarded his amended complaint as broad enough to include prospective damages, or those occurring in 1926, is conclusively established by his own proof. Before the case was tried, the third flood came down Todd creek in the year 1926. He indicated the 0.12 acre damaged or destroyed in 1926 by blue crayon on his map, plaintiff's Exhibit A, admitted in evidence in both cases. In other words, the identity of the cause of action is not only established by the rule stated in *Pomponio v. Larsen, supra,* that the same evidence would sustain both suits, but it is corroborated by the fact that plaintiff actually did use the same evidence in both cases as to the damage caused by the 1926 flood. There is other testimony to the same effect. Under the circumstances, the amplitude of the amended complaint in the first action becomes relatively unimportant, since it was there unchallenged and accepted by both parties as a basis of proof for damages prospective, as well as past and present. And the fact remains that it was successfully used in the first case as a prelude to a judgment for all such damages. It follows that the first action was a bar to the second. Even if the judgment there were void or voidable, nevertheless plaintiff, by accepting and retaining its fruits, is estopped from suing again for the same thing. *Denver City Irrigation & Water Co. v. Middaugh, supra.* And ''questions once litigated and determined may not be raised by the same parties in a subsequent action.'' *Croke v. Farmers High Line Canal & Res. Co.,* 71 Colo. 514, 517, 208 Pac. 466; *James v. James,* (No. 11,375) decided this day, 85 Colo. 154, 274 Pac. 816.

6. In the first action, plaintiff sought to recover the sum of two thousand one hundred and fifty dollars. That the court or jury regarded his claims as unduly magnified is indicated by the fact that he recovered only five hundred dollars. The present case suggests the thought that it is based on plaintiff's disappointment at the amount of the recovery in the first cause, but whether it was too large or too small cannot be corrected by harassing defendant with successive suits on the same cause of action. The recovery of prospective damages is a bar to an action for subsequent damages, though caused by an unusual freshet. *Fowle v. New Haven & Northampton Co.,* 112 Mass. 334, 17 Am. Rep. 106, 107. See, also, *City of North Vernon v. Voegler,* 103 Ind. 314, 2 N. E. 821. The recovery of prospective damages in the first suit was in effect an election to treat the injury as permanent. *Aldworth v. Lynn,* 153 Mass. 53, 56, 26 N. E. 229, 10 L. R. A. 210.

For the reasons stated, the judgment will be reversed, with directions to dismiss the action.

Judgment reversed.