## No. 15,598.

TOWN OF MOUNTAIN VIEW ET AL. *v.* KIRK
(156 P. [2d] 695)

Decided February 19, 1945.

Mr. GEORGE H. LERG, Mr. A. L. BETKE, for plaintiffs in error.

Mr. MAX P. ZALL, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

DEFENDANT in error, as plaintiff, instituted an action in the district court against the town of Mountain View. and certain of its officials, plaintiffs in error here, defendants below, to recover damages for their alleged tortious conduct in forcibly removing certain 3.2 per cent alcoholic beverage licenses from her place of business. In course, defendants filed a motion to dismiss the complaint for the alleged failure of plaintiff to state a claim upon which relief could be granted. This motion was argued November 10, 1944, but decision was reserved until November 20, at which time the motion was overruled as to the individual defendants, but sustained and the cause dismissed as to the town. On the day the motion was argued, and in advance of the decision thereon, defendants filed their answer putting in issue the allegations of the complaint, pleading certain special defenses and again asserting the grounds for dismissal advanced in the original motion therefor. In so far as the record discloses, no action beyond that above specified has been taken in the district court.

■ ■ As the basis for review, plaintiffs in error specify that, "The trial court erred in holding that the officials of the town of Mountain View were liable in an action for tort in removing or suspending a liquor license, and in failing to sustain their motion to dismiss upon the ground that the complaint does not state a claim upon which relief can be granted." The motion to dismiss upon the grounds here advanced had the same function as a general demurrer under the old code. It long has been established in this jurisdiction that an order overruling a demurrer, without further action by the trial court, is not a final judgment to review which a writ of error will lie. *Andrews v. Loveland,* 1 Colo. 8; *Martin v. Way,* 86 Colo. 232, 280 Pac. 488. Thus, here there presently exists no final judgment against the individual defendants upon which error may be predicated. Further, in the state of the record before us, because of the lack of finality in any decision of the dis-

312

trict court, none of the parties is in position to prosecute a review at this time under our decision in *Boxwell v. Greeley Union National Bank*, 89 Colo. 574, 5 P. (2d) 868, 80 A.L.R., p. 1179, wherein we held that the action of the trial court in sustaining a demurrer to a complaint and dismissing the action as to one defendant, is not reviewable until the cause against the remaining defendants has proceeded to judgment, where the liability of the defendant whose demurrer is sustained depends upon that of the others.

The writ of error is dismissed.