No. 15,761.

SUMERS *v.* BOARD OF COMMISSIONERS, GARFIELD COUNTY.

(184 P. [2d] 144)

Decided July 28, 1947.

58

Mr. Wm. Atha Mason, for plaintiff in error.

Mr. Frank Delaney, Mr. C. H. Darrow, for defendant in error.

In Department, before: Mr. Chief Justice Burke, Mr. Justice Stone and Mr. Justice Hays.

Per Curiam.

The Divide Creek Irrigation District covering some 3500 acres of land in Garfield county was organized in 1912 under the irrigation district law of 1905—chapter 113, Session Laws of 1905. District bonds were issued and sold in principal amount in excess of $125,000. During years from 1913 to 1933 general taxes assessed

against the lands within the district became due and delinquent and the lands were sold at tax sales and, for lack of bidders, were stricken off to Garfield county. Thereafter, failing redemption, tax deeds were regularly demanded and issued to the county. Such tax deeds, twenty-five in all, were issued on dates from June, 1934, to October, 1942.

Special irrigation district assessments were authorized, made and levied in the years 1934 and 1937 to pay district bonds, coupons and other indebtedness of the district. Under the 1934 levy, which was made to pay bonds and coupons involved in certain United States District Court litigation, default was made resulting in tax sale and at an adjourned sale in January, 1936, the lands were stricken off to the district, for lack of bidders either for cash or bonds. The tax sale certificates then issued were thereafter assigned by the district to the county, and those certificates ripened into a tax deed to the county in May, 1941.

The 1937 levy of special assessments was authorized and made for the purpose of paying, and in sufficient amount to pay, all outstanding bonds, coupons, warrants and interest and the entire indebtedness of the district. Again defaults were made and the lands were sold at tax sale in December, 1938. And again lacking bidders, either in cash or bonds or warrants, the lands were stricken off to the district, and 36 separate tax sale certificates were issued therefor. And thereafter those tax sale certificates were assigned by the district to the county and are now held and claimed by the county.

In 1943 the action here being reviewed was commenced in the district court in Garfield county by the defendant in error, the Board of County Commissioners of Garfield county, Colorado, referred to in this opinion as the County, against more than two hundred named defendants, including plaintiff in error Sumers, and unknown persons who may claim interest, to quiet title to

said lands and for declaratory judgment respecting said lands and tax sale certificates.

The cause to quiet title appears in the complaint as a second cause of action, and the prayer is a usual demand that defendants be required to appear and set up their claims and that judgment enter that plaintiff is the owner of the lands with title superior and paramount to any other person.

The prayer of the first cause of action for declaratory judgment is as follows:

"1. That the status of the lands situated within said Divide Creek Irrigation District be ascertained and determined and that the relative priorities of the liens evidenced by tax sale certificates, or otherwise, held by this plaintiff be determined as against the defendants and any and all other claimants of the indebtedness of the Divide Creek Irrigation District.

"2. That the Court ascertain and determine whether the tax deeds issued to this plaintiff are valid or otherwise, and if valid, a decree to that effect be entered herein.

"3. That the Court ascertain and determine that the tax sale certificates held by the plaintiff are valid and paramount liens against the lands covered thereby.

"4. That it be ascertained and determined that the bonded indebtedness of said Divide Creek Irrigation District is no longer enforceable for one or more of the following reasons: (a) Because the same has been merged in judgments; (b) because the same had been merged in tax sale certificates; (c) because the holders thereof have failed to follow the remedies prescribed by law and by failure to offer said bonds, coupons and other evidences of indebtedness to purchase the lands in said district at the time they were offered at tax sale, or thereafter to tender said bonds, coupons and warrants to redeem said lands from tax sale, or to purchase the certificates of tax sale from said district, no remedy

exists for the enforcement of said bonds, coupons and warrants issued by the Divide Creek Irrigation District; (d) that the claimants or holders of any of the evidences of indebtedness of said Divide Creek Irrigation District are not entitled to assert or establish a lien under the provisions of Section 393 of Chapter 90, C. S. A. 1935, or any other law of the State of Colorado; (e) that the Court apportion and determine who is to pay the costs of this proceeding."

Service of summons, so far as material here, was had by publication. Plaintiff in error was and is a nonresident, a resident of the State of New York. She appeared specially in the district court below and by two motions challenged the jurisdiction: First, motion to dismiss as to her the first cause of action for declaratory judgment, "for the reason that the Court has no jurisdiction over the person of this defendant; that the only interest of this defendant in the subject matter of this action arises out of the fact that she is the holder and is in possession of bonds and coupons of the Divide Creek Irrigation District, * * * that the first cause of action is a personal action and not an action in rem." The other motion was, "to quash any alleged service of summons upon this defendant * * * as to each cause of action" for the reason that service of process by publication of summons was not valid service upon her, she being nonresident and interested only as a holder of bonds and coupons; and "That the said action is not an action in rem as to bonds, coupons and warrants of said Divide Creek Irrigation District, and that the Court has not acquired jurisdiction either over the person or the subject matter of said action by the alleged and pretended service of summons by publication."

The trial court overruled both motions. The defendant, plaintiff in error here, elected to stand on the motions. Thereupon evidence was taken in support of the complaint and, on August 9, 1945, findings were made and decree entered by the trial court. The findings in-

clude material facts as outlined above and the decree orders as follows:

"a. That the outstanding tax sale certificates listed and described in the 7th finding hereof constitute a lien upon the property above described and are legally held and owned by the plaintiff.

"b. Subject only to said outstanding tax sale certificates, plaintiff is the owner in fee simple and is in the actual possession of the lands and properties described in the 6th finding hereof; that the defendants and all of them are without any title, interest, claim or demand, legal or equitable, of any kind or character, in or to said real estate and property, and that the title of the plaintiff in and to said real estate and real property be and the same is hereby forever settled and quieted in accordance with the prayer of the complaint filed herein as against any claim, interest or demand in law or equity of the defendants, both known and unknown, and that the title of the plaintiff in and to the said lands and real property is good and valid and paramount in law and equity and that defendants and each and all of them, known or unknown, are hereby perpetually barred, enjoined and restrained from asserting any claim, right, title, interest, demand or estate in or to said lands, and real property, and from setting up any claims, interest or estate therein adverse to the title of the plaintiff or those claiming by, through or under the plaintiff.

"c. It is further ordered, adjudged and decreed that any liens, accrued or otherwise, arising out of or based upon the said bonded indebtedness of said district or the warrants issued by it, are forever cancelled and annulled and it is hereby adjudged and decreed that defendants as bondholders, coupon holders or the holders of warrants have no further rights to ask for the imposition of any further levy to pay said indebtedness or any part thereof."

Plaintiff in error brings the cause here for review

asking reversal on specifications of error that may be stated:

(1) That the first cause of action is a personal action and not an action in rem, and that constructive service by publication cannot avail against a nonresident, and that the trial court erred in overruling the motions to dismiss that cause of action as against such nonresident defendant and to quash the service of summons.

(2) That the court was without jurisdiction to adjudge and erred in holding, that, as against a nonresident bondholder the lands were relieved of any lien arising out of district bonds and coupons, and that such nonresident was no longer able to enforce payment by proceedings to sell the land within the district.

■ 1. As to the claim that the first cause of action is not an action in rem, it may be noted that a proceeding may be partly in rem and partly in personam, such as the usual form of suit to foreclose a mortgage—in rem to subject the property to the debt, and in personam to obtain personal judgment against the debtor. In such foreclosure action the relief sought by the prayer of the complaint may be for both, but if personal service is not obtained upon the debtor, jurisdiction of his person is not obtained and personal judgment, of course, would be beyond the lawful power of the court. Yet, the action as to the part in rem may properly proceed to judgment upon the notice given by published summons. And if insofar as relief is granted it is limited to proper adjudication as affects the res, such judgment is not subject to attack.

■ In the present case, a part of the prayer for relief is for a determination "that the bonded indebtedness * * * is no longer enforceable, etc." If standing alone, such prayer might be construed as seeking judgment directly against the bonds and indebtedness and holders thereof, but from the complaint and prayer as a whole it is clear that the proceeding involves in both causes of action res within the jurisdiction of the court, to wit:

the lands within the district, and the tax sale certificates thereon and in the possession of the county, and the relief sought is concerning the status of those properties. And for such relief service of summons by publication was proper and sufficient.

The second cause of action in form and substance to quiet title or adjudicate rights to real property within the jurisdiction is an action in rem. And the status and rights submitted for determination and declaration as to that real property by the first cause of action are in substance no more than would necessarily be found and determined as basis for quiet title decree under the second cause of action. Determination and declaration is sought respecting: the status of the land; whether tax deeds thereto are valid; whether tax sale certificates thereon are valid; the relative priorities of the liens; and whether inchoate liens remain outstanding—all affecting specific properties within the jurisdiction of the court. The motions to dismiss and to quash service of summons were properly overruled.

2. The further challenge of the plaintiff in error goes to the jurisdiction of the court to hold and enter judgment against her, a nonresident, that her bonds were no longer enforceable. If the court had made such an unqualified finding and decree it might have been a personal judgment beyond its power under substituted service of process. But the court did not so hold or so decree. The declaration sought by the county and the judgment of the court was, in effect and in terms, not that the bonds, coupons, warrants or other indebtedness were invalid or were cancelled, but that their right of enforcement against the land had been exhausted and that any further liens thereon, accrued or otherwise, are not available, and specifically that there is no right to any further or cumulative levy upon the lands to pay any district indebtedness. The wording of the decree entered below in this respect appears to be some-

what unfortunate and possibly uncertain, and direction will be made for modification.

Plaintiff in error's premise is wrong. Her assertion of lack of jurisdiction is based upon the premise that the bonds are personal obligations and that the situs of such bonds is the domicile of the holder thereof and, in her case, not within the jurisdiction of the court. The complaint and judgment in this case do not involve the validity or situs of the bonds, but are concerned only with the one means of enforcing payment by levy upon and sale of the specific lands claimed by the county, and within the court's jurisdiction. This case affects the specific properties within the jurisdiction and their status, including their liability to answer for district indebtedness, wherever situate, by way of further levy and sale.

On the merits of the latter issue, plaintiff in error contends that under the holding of the federal courts she may enforce payment of her bonds by further cumulative levies upon these lands, and her chief reliance is upon the case of *Beck v. Otero Irr. District,* 50 Fed. (2d) 951, and *Norris v. Montezuma Val. Irr. Dist.,* 248 Fed. 369. The ruling in the Beck case was premised upon the assumption that the rights of bondholders under the Colorado irrigation district laws were as construed in the Norris case. We have, however, heretofore held the Norris case inconsistent with the principles announced many times by our court and the construction announced in that case was expressly repudiated by us in *Interstate Trust Co. v. Montezuma Val. Irr. Dist.,* 66 Colo. 219, 181 Pac. 123. And the Beck case has been expressly held by us to be without decisive effect. *Alpha Corporation v. Denver-Greeley Valley Irr. Dist.,* 110 Colo. 179, 132 P. (2d) 448. Foreclosure by sale, not unlike under mortgage, for the whole indebtedness, exhausts the lien.

Plaintiff in error asserts that bonds of irrigation districts are not liens against the lands. This assertion is contrary to the provisions of the statute under which this district was organized and the bonds issued. Sec.

17, c. 113, S. L. '05; *Thomas v. Patterson*, 61 Colo. 547, 159 Pac. 34. But, even if they were not made at least inchoate liens by statute, their payment is limited to levies to be made for their retirement upon the lands within the district and so long as that means of enforcement remained the bonds were a liability for which those lands might be held. And the nature and validity of the asserted claims of the bondholders are properly a part of the determination of the status of the lands or res involved.

██ And the determination of the status, including validity, ownership, and relative priority, of the tax sale certificates—being res within the jurisdiction, and liens upon the land within the jurisdiction which may ripen into title—is a proper matter to be settled in this action affecting those specific properties, and possible claimants, including bondholders, may be given notice through publication of summons.

██ In form, the decree as entered below appears to be incorrect in the following particulars: In paragraphs numbered 9 and 10, and in the first paragraph, lettered "a," in the decretal order, reference is made to "the outstanding tax sale certificates listed and described in the *7th finding* hereof." The 7th finding lists and describes tax deeds and not tax sale certificates. The tax sale certificates, 36 in number, are listed in paragraph 13 of the complaint, but are nowhere listed in the findings. The decree should be properly amended in that respect.

Further, as to form, paragraph lettered "c" of the decretal order includes in the judgment what appears unnecessary or uncertain "that any liens, accrued or otherwise, arising out of or based upon the said bonded indebtedness of said district or the warrants issued by it, are forever cancelled and annulled." Such order would in terms assume to cancel the very tax sale certificates held in the first paragraph of the order to be outstanding and owned by the county, and would not be consistent with the complaint or findings. No liens

are cancelled, but rather the right for any further lien is decreed to have been exhausted. In this respect the decretal order might more closely follow the wording in paragraph 9 of the findings.

The trial court is directed to amend and clarify its decree as indicated and, as thus modified, the judgment is affirmed.

In this case acknowledgment is made of the gratuitous and valuable service of the Honorable Claude C. Coffin, district judge, as referee under our Rule of.June 9, 1947.