No. 16,245.

Ruhter et al. *v.* Steele et al.
(209 P. [2d] 771)

Decided August 15, 1949.    Rehearing denied September 19, 1949.

Messrs. Emigh & Emigh, Mr. J. F. Little, for plaintiffs in error.

Mr. James S. Henderson, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

The parties appear here in the same order as they appeared in the trial court and will be hereinafter referred to as plaintiffs and defendants, or by name.

The defendants, V. H. Steele and K. K. Orvis, filed their motion to dismiss the writ of error as to them. Defendants Josephine McCausland, Ross D. McCausland, W. R. McCausland, and U. S. Coal Corporation have also filed in this court their separate motion to dismiss the writ of error. It is contended on behalf of all moving defendants that the writ of error should be dismissed with prejudice.

The plaintiffs have filed their motion to dismiss the writ of error without prejudice as to all defendants upon the ground that no final judgment has been entered in this action by the trial court.

The plaintiffs and the defendant Steele are trustees of Lark Mining & Milling Company, a common-law trust.

Defendants Steele, Orvis, and the three McCauslands are partners doing business under the firm name and style of "Lark Lease."

The Lark Mining & Milling Company were the lessees from Lark Lease of the mining property described in the complaint, under the terms of a lease and bond dated May 20, 1944, which instrument was signed on behalf of the grantor partnership by V. H. Steele, "Agent-in-fact." The instrument was signed on behalf of the lessee common-law trust by the defendant Steele and by plaintiffs P. H. Ruhter and E. G. Ruhter, as trustees. The complaint of plaintiffs generally alleges that defendant Steele conspired with defendant Orvis to dispossess the plaintiff common-law trust of the mining leasehold, and that in violation of the fiduciary relationship existing between Steele and plaintiffs he caused defaults to be made by the plaintiff common-law trust in the terms and conditions of the lease under which the common-law trust operated the premises. It is then alleged that defendant Orvis, conspiring with defendant Steele, forfeited the lease and that defendant Steele, in further breach of his trust and fiduciary relationship, executed a new lease and bond to the defendants Malir, Lewis and Peterson. The three defendants last named, upon receipt of this lease, immediately assigned all their right, title and interest therein to the defendant U. S. Coal Corporation. The coal company took immediate possession and defendants Steele and Orvis became employes of said company.

Plaintiffs seek to repossess the mining property and to secure an accounting of funds allegedly belonging to the common-law trust and received by defendants Steele

and Orvis. Plaintiffs further seek the removal of defendant Steele as a trustee of Lark Mining & Milling Company (the common-law trust) which was the grantee in the original lease.

Prior to May 19, 1947, defendants Steele and Orvis filed separate motions to dismiss the complaint, which motions were sustained. The plaintiffs elected to stand upon their amended complaint and the trial court on said date (May 19, 1947), after setting forth the prior proceedings, stated:

"Wherefore it is considered, ordered and decreed, that the above entitled action be and it hereby is dismissed as to each of said defendants with prejudice.

"It is further ordered, that the plaintiffs shall have thirty days from the date hereof in which to prepare the record in order to apply to the Supreme Court for a Writ of Error."

On December 29, 1947, the U. S. Coal Corporation filed its motion to dismiss, which said motion was sustained, and the trial court by written order signed on the 30th day of March, 1949, said: "Now, therefore, it is considered, ordered, adjudged and decreed by the Court that said motion to dismiss said amended complaint be and the same hereby is sustained, to which ruling plaintiffs except."

About one year prior to the dismissal of the case as to the coal company, and on March 3, 1948, upon stipulation of counsel the court signed a written order providing, "That this action be dismissed without prejudice as to defendants J. J. Malir, Jr., C. E. Lewis and Carl H. Peterson."

On March 30, 1949, on motion to dismiss of defendant Ross D. McCausland, Jr., theretofore filed, the court by written order stated: "Now, therefore, it is considered, ordered, adjudged and decreed by the Court that said motion be and hereby is sustained, to which ruling plaintiffs except."

On June 10, 1949, subsequent to the issuance of writ

of error in this cause, upon motion of Josephine Mc-
Causland and W. R. McCausland the trial court by writ-
ten order stated: "Now, therefore, it is considered, or-
dered, adjudged and decreed by the Court that said
action be, and hereby is, dismissed without prejudice as
to said defendants, Josephine McCausland and W. R.
McCausland; and that the plaintiffs shall pay their own
costs herein expended insofar as said defendants are
concerned."

Writ of error issued out of this court on the 19th day
of April, 1949.

The question to be determined is:

*Were the orders of May 19, 1947, dismissing plain-
tiffs' action as to defendants Steele and Orvis, final judg-
ments, to review which a writ of error must be issued
within one year from the date of the entry of the judg-
ment?*

This question must be answered in the affirmative.
Upon the authority of the case of *Boxwell v. Greeley
Union National Bank,* 89 Colo. 574, 5 P. (2d) 868, it
might well be argued that the dismissal of the action as
to two defendants only, did not amount to the entry of
final judgment as to them. However, subsequent to the
decision in that case the Rules of Civil Procedure were
adopted. Rule 54 (b) provides as follows: "When more
than one claim for relief is presented in an action, the
court at any stage, upon a determination of the issues
material to a particular claim and all counterclaims
arising out of the transaction or occurrence which is the
subject matter of the claim, may enter a judgment dis-
posing of such claim. The judgment shall terminate the
action with respect to the claim so disposed of and the
action shall proceed as to the remaining claims. In case
a separate judgment is so entered, the court by order
may stay its enforcement until the entering of a sub-
sequent judgment or judgments and may prescribe such
conditions as are necessary to secure the benefit thereof
to the party in whose favor the judgment is entered."

Mr. Jean S. Breitenstein, prominent member of the Revision Committee responsible for the drafting of said Rules of Civil Procedure, prepared and delivered an address concerning the purpose and intent of some of the rules, which address appears at page 501 in vol. 1, Rules of Civil Procedure '35 C.S.A. Concerning the intent and purpose of rule 54 (b) he stated: "Here is a change from the existing practice. Under the new rules a pleader may join many causes of action and different controversies may be brought into the case by joinder, counter-claim, cross-claim or third-party practice. Under subdivision (b) the judge, after he had disposed of one of the claims and all counterclaims relating thereto, may enter judgment on it then and there, and proceed with a later disposition of other claims and cross-claims. But that judgment may be stayed until the final outcome of the case, due regard being had for the protection of the party in whose favor the judgment is entered. See *Rosenblum v. Dingfelder* (C.C.A., N.Y.), 111 F. (2d) 406."

Examination of the order signed by the trial court discloses that as to the defendants Steele and Orvis the trial court intended a final disposition of the controversy, and did not in any manner stay the enforcement thereof until disposition of the cause as to the remaining defendants. By directing that plaintiffs should have a stated time within which to, "Prepare the record in order to apply to the Supreme Court for writ of error," the finality of the judgment was made clear.

In *Town of Mountain View et al. v. Kirk,* 113 Colo. 310, 156 P. (2d) 695, decided subsequent to the adoption of the Rules of Civil Procedure, we cited *Boxwell v. Greeley Union National Bank, supra,* and pointed out that in that case the liability of the defendant whose demurrer was sustained depended upon the liability of other defendants whose cause was not determined. That situation does not exist in the case at bar. The asserted liability of the defendants Steele and Orvis is not de-

pendent upon the claimed liability of any other defendant.

The case of *Reeves v. Beardall*, 316 U.S. 283, 62 Sup. Ct. 1085, 86 L. Ed. 1478, involved a factual situation comparable to that in the present action. The judgment there in question was held to be final, notwithstanding the fact that claims based upon differing occurrences or transactions remained undisposed of as to other defendants. That case is controlling here.

It follows that as to defendants Steele and Orvis the writ of error should be dismissed with prejudice, since admittedly more than one year has elapsed since the rendition of the judgment and before the writ was issued.

The orders sustaining motions to dismiss filed by defendants other than Steele and Orvis, raise questions which we do not now determine. Plaintiffs in error ask dismissal of the writ of error without prejudice. As to all defendants other than Steele and orvis the motion is sustained and the writ dismissed without prejudice.

MR. CHIEF JUSTICE HILLIARD not participating.

*On Petition for Rehearing.*

By MR. JUSTICE MOORE:

After careful consideration of the petition for rehearing filed herein, we have added to our opinion in some minor respects, and, after incorporating the changes therein—which in no way alters our views of the law of the case—we adhere to the original opinion.

The petition for rehearing is denied.