## No. 16,761.

HOFF ET AL. *v.* ARMBRUSTER ET AL.

(244 P. [2d] 1069)

Decided March 24, 1952. Rehearing denied May 19, 1952.

Mr. ISAAC MELLMAN, for plaintiffs in error.

Messrs. BANNISTER, WELLER & FRIEDRICH, Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiffs in error were plaintiffs and defendants in error were defendants.

In their complaint, plaintiffs named as defendants the administratrix of the estate of Minnie Phillips, deceased, and all the heirs at law of said decedent. Gladys A. Armbruster was named a defendant, as administratrix and as an heir at law, and was personally served with process in the action. All other defendants are nonresidents. It was alleged in the complaint that Minnie Phillips and her husband, William Phillips, had executed mutual, reciprocal and irrevocable wills pursuant to an agreement, and that following the death of William Phillips, the surviving widow breached the contract by revocation of the will made by her. Plaintiffs sought to subject the property—in the hands of the administratrix for distribution —to the terms of the trust allegedly created under the agreement for said mutual and reciprocal wills, and to cause distribution of the net estate to be made as directed by the terms of the will made by Mrs. Phillips pursuant to said agreement.

The controversy has been before this court on two former occasions, and two opinions on points not here involved already have been announced. A full statement of the facts will be found in those opinions and no good purpose would be served by repeating them here. It is sufficient to refer to *Hoff v. Armbruster*, 122 Colo. 563, 226 P. (2d) 312, and *Hoff v. Armbruster*, decided February 11, 1952, 125 Colo. 197, 242 P. (2d) 604.

In the instant case all nonresident defendants were served by publication of summons and by mail as provided by Rule 4(g), (2) (h) R.C.P. Colo. The nonresident defendants, appearing specially, moved to quash the service of process upon the ground that the court had no jurisdiction over the subject matter of the action, or over the persons of defendants, and that the purported service by mail or publication was void. The motion to quash was sustained by the trial court.

Defendant administratrix filed a motion to dismiss upon the ground that the district court was without jurisdiction to direct distribution of assets in her hands as administratrix of an estate under appointment by the county court. The trial court sustained this motion. Judgment of dismissal accordingly was entered as to all defendants except Armbruster in her individual capacity as an heir.

Plaintiffs bring the case here for review by writ of error.

### Questions to Be Determined.

■■ First: *Where an action is brought to enforce an agreement for the execution of mutual and reciprocal wills, by impressing a trust upon the net assets remaining in the hands of the administratrix of the estate of the person who violated the agreement, and where all property subject to such trust, in the hands of the administratrix who is personally served with process in Colorado, is within the State of Colorado, can service of summons be made upon nonresident heirs at law by publication of the summons or by mail?*

This question is answered in the affirmative. Rule 4(g) (2) (h) R.C.P. Colo. provides that service of process by mail or publication, "shall be allowed only in cases affecting specific property or status or other proceedings in rem." The instant case clearly falls within two of the classes of action in which constructive service of process is authorized under the rule. The action is one which affects specific property, to wit, that property in the hands of the administratrix upon completion of the administration of the estate which she holds for distribution to those lawfully entitled to receive the same. The action is clearly within the class of cases known to the law as proceedings in rem. *Sumers v. Board of Commissioners,* 117 Colo. 57, 184 P. (2d) 144. *Glanz v. Mueller,* 322 Ill. App. 507, 54 N.E. (2d) 639.

Counsel for the nonresident heirs at law contend that before the district court could authorize publication of summons in this case the specific property must have been brought under the control of the court by proceedings in attachment or by some formal seizure thereof. In support of this argument general statements of the rule as stated in 50 Corpus Juris, page 505, and 42 American Jurisprudence, page 63, are called to our attention. Typical of these is the following quotation from *Tigrett v. Taylor,* 180 Ala. 296, 60 So. 858: The mere fact that a non-resident has property within the jurisdiction of the state is not sufficient to justify an action in personam against the non-resident, where he has not been, and cannot be, served with process. Before the Court, in such case, could proceed in rem against the property, it must be brought within the control of the court by seizure, levy, or other appropriate process against the property itself." To like effect is *Aldridge v. First National Bank of Birmingham,* 165 Miss. 1, 144 So. 469, from which we quote the following: "The jurisdiction of the court in such a proceeding to inquire into and determine the defendant's asserted obligation to the complainant, is incidental to, and dependent on, its control over the prop-

erty. And unless the property is brought within such control, it can be disposed of by its owner before final judgment, and the whole proceeding thereby rendered nugatory."

It unquestionably is true that in actions in rem, or quasi in rem, the court must acquire jurisdiction over the property within its territorial limits. In actions quasi in rem the usual procedure is to acquire this jurisdiction by seizure through attachment or other formal writ issued by the court, the jurisdiction of which is involved. However in proceedings strictly in rem, as in the instant case, actual seizure of the property by formal writ is not necessary for jurisdictional purposes if control over the property can be acquired by other methods which are of "equivalent import and which stand for and represent the dominion of the court over the thing, and, in effect, subject it to the control of the court." 72 C.J.S. 1077, §59.

In the case of *The Chickie*, 141 F. (2d) 80, 86, we find the following pertinent statement concerning the nature of a proceeding in rem: "The action in rem directs a plaintiff's claim to a thing. True, the plaintiff's judgment, if he is successful, affects persons, but only so far as concerns their interest in the thing, which is personified as a defendant in the litigation. If the court's jurisdiction is founded solely on the presence of the thing no personal judgment, even for costs, can be imposed on the owner."

In the case of *Bernhardt v. Brown*, 118 N.C. 700, 24 S.E. 527, we find the following: "In proceedings under this class—proceedings in rem—it is not necessary, as in proceedings quasi in rem, to acquire jurisdiction by actual seizure or attachment of the property, but 'it may be done by the mere bringing of the suit in which the claim is sought to be enforced, which in law (in such cases) is equivalent to a seizure, being the open and public exercise of dominion over it for the purposes of the suit.' *Heibeitter v. Elizabeth Oil Co.*, 112 U.S., 294."

In *Pennoyer v. Neff*, 95 U.S. 714, 727, speaking on the

question of service by publication in actions in rem, the court said: "Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose."

▮ Service by publication of summons in actions in rem is not limited to cases involving real estate, but may apply to those involving personal property as well. In *Irion v. Bexar County,* 26 Tex. Civ. App. 527, 63 S.W. 550, is the following statement: "It is insisted by appellant that the judgment was void, because the property was not seized under a writ directed against it as the property of appellant. The seizure of the property was not essential to jurisdiction over the property through citation by publication. In the case of *Rice v. Peteet,* 66 Texas 568 [1 S.W. 657], it was contended that a nonresident can not be sued in our courts, when he has effects in the State, unless the effects are brought before the court to await the final judgment, and that this must be done by attachment, garnishment, or similar process, and it was held by the court: 'There is no special requirement in our statutes that such suits shall be accompanied by a seizure of the defendant's property or garnishment of his effects. Nor can any such principle be derived from our attachment law. It gives the plaintiff the right to obtain an attachment on the ground that the defendant is a nonresident, but does not compel him to do so in order to be entitled to bring a suit. This would be to deny him the right to sue unless he could swear to everything necessary to procure an attachment, and give the bond required in such cases. It would impose upon him a burden which would, in many cases, amount to a denial of justice.' "

From the foregoing it is clear that by naming the person who had possession of all the property, as a defendant in the suit, and in seeking relief by injunction to restrain dis-

position of that property except as directed by the court, the court acquired control over the subject matter of the action.

No judgment in personam was sought by plaintiffs against any nonresident defendant. Essentially, the object of the action was to reach and dispose of the individual interest of each nonresident defendant in specific property located in Colorado, by enforcing what was alleged to be a valid contract respecting that identical property. The service of summons by publication was proper and the trial court erred in holding otherwise.

Second: *Where it is alleged, in substance, in a complaint in an action filed in the district court that the net assets of an estate, in the hands of an administratrix for distribution, are subject to the imposition of a trust based upon an agreement for the execution of mutual and reciprocal wills, does said court have jurisdiction to enjoin defendant administratrix from making distribution as an intestate estate, and to direct that said assets be paid to those entitled to receive under the terms of the trust?*

This question is answered in the affirmative. On behalf of defendant administratrix, it was contended that under article VI, section 23, of the Constitution of Colorado, the administratrix could not be subjected to orders of the district court concerning distribution of the assets of the estate, and that she could only be directed in her activities as administratrix by the court to which she owed her appointment. Said section contains, inter alia, the following: "County courts shall be courts of record and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, * * * ." It is argued, in effect, that to permit the district court to exercise jurisdiction in the premises and cause the net assets, after completed administration, to be paid to those entitled in equity to receive them, would constitute an unlawful interference on the part of the district court with the lawful exercise by the county court

of its original jurisdiction in matters relating to the administration of an estate, and the settlement of account of the administratrix. To uphold this contention would be to require plaintiffs to wait until the entire assets had been distributed to the numerous defendants scattered all over the United States, and then to bring numerous suits in different separate states in an attempt to reach all the property subject to the imposition of the trust. This result would necessarily follow unless we were to hold that the county court, in the administration of an estate, has jurisdiction to hear and determine a suit in equity involving more than fifty thousand dollars in which plaintiffs seek to impress a trust upon specific property based upon a contract for mutual and reciprocal wills. It is clear that the county court has no such jurisdiction. The plain inference of the authorities cited in our two previous opinions handed down in the controversy between these parties is that the court having jurisdiction of this suit in equity is the district court. To like effect are all the Colorado authorities mentioned in those opinions. The case of *Oles v. Wilson, Executor, et al.* 57 Colo. 246, 141 Pac. 489, deals specifically with the exact point here in controversy in the following language: "It can not properly be said that a suit to enforce specific performance of a contract to leave property by will, relates to probate matters or proceedings therein." This rule unquestionably is supported by the great weight of authority. We reassert and reaffirm it.

Plaintiffs in this action have followed the pattern in procedure successfully employed by one who relied upon a contract for mutual wills in reaching assets in the hands of an administrator, in the case of *Risby v. Swan,* 124 Colo. 567, 239 P. (2d) 600. The trail court erred in sustaining the motion of Gladys A. Armbruster, as administratrix, to dismiss and to quash the service of summons.

Other points argued by counsel at some length in connection with this phase of the case already have been considered and determined in our opinion announced Febru-

332 . ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮

ary 11, 1952, dealing with this controversy. *Hoff v. Arm-bruster, supra.*

▮▮ Third: *Are the judgments now under review final judgments to which a writ of error may be directed under Rule 54(b) R.C.P. Colo?*

This question is answered in the affirmative. The contention of counsel for defendants that no final judgment has been entered because the case still remained untried as to defendant Armbruster in her individual capacity, is without merit. Formal judgments of dismissal of the action, as to the moving defendants, were entered; motions for new trial were dispensed with; and the court entered orders staying execution and fixing time for preparation and lodging of reporter's transcript. It is clear that the trial court contemplated a termination of the action as to the named defendants, and no order was entered staying the effect of said judgment until a subsequent trial of the issues as to defendant Armbruster was had.

Every case cited by counsel for defendants was decided prior to the adoption of our Rules of Civil Procedure. The case of *Boxwell v. Greeley Union National Bank,* 89 Colo. 574, 5 P. (2d) 868, which is cited as the "leading Colorado authority," is clearly inapplicable, as we pointed out in *Town of Mountain View v. Kirk,* 113 Colo. 310, 156 P. (2d) 695, and *Ruhter v. Steele,* 120 Colo. 367, 209 P. (2d) 771.

The judgment of dismissal is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE KNAUSS not participating.