## No. 16,972.

ARMBRUSTER, ADMINISTRATRIX ET AL. *v.* HOFF ET AL.

(260 P. [2d] 601)

Decided July 27, 1953.

Messrs. BANNISTER, WELLER & FRIEDRICH, Mr. H. GAYLE WELLER, Mr. WILLIAM H. HAZLITT, for plaintiffs in error.

Mr. ISAAC MELLMAN, Mr. GERALD N. MELLMAN, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE controversy giving rise to this action has been before this court on three former occasions. A complete understanding of details not specifically mentioned in

this opinion can be had by reference to the opinions heretofore announced, namely: *Hoff v. Armbruster,* 122 Colo. 563, 226 P. (2d) 312; *Hoff v. Armbruster,* 125 Colo. 198, 242 P. (2d) 604; and *Hoff v. Armbruster,* 125 Colo. 324, 244 P. (2d) 1069. In order to clarify the issues in the instant case, we include the following pertinent facts as established in the previous litigation.

Defendants in error commenced an action in the district court of the City and County of Denver seeking to impose a trust on the assets of the estate of Minnie S. Phillips. The action was based upon the allegation that mutual, reciprocal and irrevocable wills had been made by Minnie S. Phillips and William L. Phillips, and that, following the death of the latter, the former could not revoke her will and thereby defeat plaintiffs' rights as beneficiaries thereunder.

Plaintiff in error Armbruster was named defendant as an heir of said deceased and also as administratrix of her estate. Other defendants, who are plaintiffs in error in this action, were named as heirs at law of said Minnie S. Phillips. On motion of counsel for defendants, the district court dismissed the action as to all defendants except Gladys A. Armbruster in her individual capacity as an heir at law. The grounds upon which the district court acted were that, as to all defendants other than Armbruster, the court lacked jurisdiction over their persons in that they were nonresidents and service of summons by publication was invalid. As to defendant Armbruster in her capacity of administratrix, the trial court held that it was without jurisdiction to interfere in any manner with the probate court in directing distribution of the assets of an estate. These questions were considered in *Hoff v. Armbruster,* reported in 125 Colo. 324, 244 P. (2d) 1069, and this court, for reasons there fully stated, reversed the judgment of the district court and held specifically that the service of summons by publication on nonresident heirs was good, and that the district court had jurisdiction to impose the conditions

of a trust upon the net assets of an estate in the hands of an administratrix for distribution to those lawfully entitled to receive them.

After the dismissal of all defendants except Armbruster, and during the time that a writ of error was being prosecuted to this court to determine the validity of said dismissals, the action proceeded to trial as against defendant Gladys A. Armbruster individually. Judgment was entered by the trial court in her favor and plaintiffs (defendants in error in this action), seeking a review thereof brought the case here by writ of error. The judgment of the trial court was reversed and the cause remanded with directions to enter judgment as prayed for by plaintiff. *Hoff v. Armbruster,* 125 Colo. 198, 242 P. (2d) 604. Thus the issues raised by the pleadings have been determined upon the merits as against defendant Gladys A. Armbruster in her individual capacity as an heir at law. As to all other defendants who were served by publication of summons, and as to defendant Armbruster in her capacity as administratrix, there has been no trial upon the merits.

In upholding the service by publication upon nonresident heirs, and in establishing the jurisdiction of the district court to impose a trust upon assets in the hands of the administratrix, the mandate of this court was as follows: "The judgment of dismissal is reversed and the cause remanded for further proceedings consistent with the views herein expressed." The instant case raises the question as to whether the trial court interpreted this mandate correctly.

The nonresident heirs, and Armbruster as administratrix, filed their answer to the complaint, in which pertinent averments of the complaint were denied, and affirmative defenses were set forth which, if established, would avoid the conclusion that Minnie S. Phillips and William L. Phillips ever had executed mutual and reciprocal wills. Under the evidence admitted in the trial as against defendant Armbruster in her individual

capacity, it was held, as a matter of law, that such mutual and reciprocal wills had been established.

Following the filing of this answer, plaintiffs in that action (defendants in error in the instant case) filed their motion for summary judgment, and alleged that, under the circumstances hereinabove set forth, no genuine issue of material fact remained for determination by the trial court. The basic ground for the motion for summary judgment is that all defendants, who erroneously were dismissed, are bound by the judgment of the trial court upon the merits, which was entered as between plaintiffs and defendant Gladys A. Armbruster individually. The trial court sustained the motion and entered judgment against all of these defendants, who now seek reversal by writ of error, and specify points of alleged error, which include the following:

(a) "The trial court erred in rendering summary judgment for the plaintiffs because there were issues as to material facts before the court, and the judgment deprived the defendants of their day in court upon these issues."

(b) "The prior judgment between the plaintiffs and a different defendant relied upon in the motion for summary judgment was not res judicata nor any bar against these defendants for they were not parties nor in privity with the parties to it. Hence the trial court erred in granting the motion for summary judgment."

## Question to be Determined.

*Where an action in rem is instituted against several defendants, and, on motion, the trial court erroneously dismisses the action as to some of the defendants and the cause proceeds to trial and judgment against the remaining defendants, are not the defendants against whom the action was dismissed bound by that judgment after the error of the trial court is corrected and the judgment of dismissal is set aside, and an answer is filed on their behalf which places in issue questions of fact*

*already determined as between plaintiff and those defendants who were not dimissed?*

The question is answered in the negative. In *Pomponio v. Larsen,* 80 Colo. 318, 251 Pac. 534, our court said, inter alia:

"It is fundamental, and well understood, that the judgment of any court of competent jurisdiction, so long as it remains unreversed, *is conclusive upon the parties and their privies* when the judgment is rendered upon the merits, and without fraud or collusion, upon a matter within the jurisdiction of the court rendering the judgment." (Emphasis supplied)

The above quotation was approved by this court in *Fort v. Bietsch,* 85 Colo. 176, 274 Pac. 812, and *Sloniger v. Rains,* 120 Colo. 339, 208 P. (2d) 941. In the case at bar, the defendants who were erroneously dismissed from the action were no longer parties thereto for any purpose until the judgment dismissing the action as to them was reversed by this court. They were not parties to the action at the time the judgment against Gladys A. Armbruster was entered, and they are not in any sense to be considered in privity with the defendant Armbruster. In *Tibbals v. Graham,* 50 Wyo. 277, 61 P. (2d) 279, a similar question was presented and the Supreme Court of Wyoming disposed of it with the following statement: "We pause here to state that plaintiffs keep reiterating that by this judgment defendant's rights to the property were determined and therefore the matter is res judicata. The record quoted above shows that an order was made dismissing defendant. Not being a party, his rights were in no way adjudicated. 'Only adversary parties are estopped or concluded by a judgment under the doctrine of res judicata.' *Lawer v. Mitts,* 33 Wyo. 249, at 255; 238 Pac. 654, 657."

In *Holt Mfg. Co. v. Collins,* 154 Cal. 265, 97 Pac. 516, a defendant was dismissed from a pending action and it was thereafter contended that such defendant was bound by the judgment subsequently entered. The Supreme

Court of California stated, inter alia: "Where a defendant is dismissed from an action before judgment, the effect of the dismissal is the same as if he had never been made a party."

We cannot assume that, in the trial upon the issues framed by the complaint, and the answer filed on behalf of the defendants who now seek trial upon the merits, the evidence in all respects would be the same as that which was presented by the single defendant Armbruster. It is conceivable that these defendants might offer evidence in support of the allegations of their answer, which would result in a judgment inconsistent with that which the court entered in the previous trial. This, however, cannot deprive the contesting defendants of their right to be heard upon the merits. If the possibility of inconsistent judgments was to be avoided, the trial of the case as to defendant Armbruster should have been delayed until this court had passed upon the correctness of the judgment dismissing some of the defendants from the action.

The judgment of the trial court is reversed and cause remanded for trial of the issues as framed by plaintiffs' complaint, and the answer of all defendants except Gladys A. Armbruster, individually.